MARVIN, Judge.
The natural father appeals the adoption of his seven-year-old daughter by her stepfather.
The obvious issue is whether the father’s refusal or failure to comply with the court order of support for more than a year was without “just cause”. In re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963); LRS 9:422.1.
After the parents were legally separated (October 1976) and divorced (November 1977), the father was granted visitation rights and was ordered to pay $75 monthly child support in a judgment of November 13,1978. The father has not complied with the support order except for two payments made in 1978.
As justification, the father contends that he was incarcerated on criminal charges on January 8, 1979, and that he has been in and out of jail since that time and has been unable to comply with his obligation. The record shows that the father was released on bail on September 23, 1980, that he jumped bail and was again incarcerated in California on May 19, 1981. During the time the father was not incarcerated he sometimes earned more than $1,000 a month.
The mother married the stepfather December 22,1977, and has a 22-month-old son by this marriage. She and her daughter have been residing with the stepfather since the marriage and are well cared for in a stable home. The adoptive daughter does well in school and regularly attends church.
Incarceration for a criminal offense does not necessarily constitute just cause for failure to pay child support. In Re Brannon, 340 So.2d 654 (La.App.2d Cir. 1976). The father’s circumstances result from his voluntary actions and he continued to neglect his obligation even when he was not incarcerated and was sometimes working for the nine months before his last incarceration.
The father also testified that the mother had denied him visitation privileges. The mother’s denial of visitation is not justification for the father’s failure to comply with an order of child support. In Re Jones, 337 So.2d 283 (La.App.2d Cir.1976), writ refused. The father has not shown just cause in either respect.
We find no error in the trial court’s finding the adoption to be in the best interest of the child. At appellant’s cost, judgment is AFFIRMED.