528 So.2d 1079 (1988)
In the Interest of H.A.N.
No. 87-CA-834.
Court of Appeal of Louisiana, Fifth Circuit.
June 29, 1988.
Clarence F. Favret, III, New Orleans, for plaintiff-appellee.
James Sacher, New Orleans, for defendant-appellant.
Before CHEHARDY, C.J., and GAUDIN and WICKER, JJ.
GAUDIN, Judge.
Richard K. Newton, the natural father of 11-year-old Heather Newton, objected unsuccessfully to Heather's adoption by Robert W. Faison, who is now married to Heather's mother, Ann, Newton's former wife. We affirm the judgment allowing the adoption.
The adoption was ordered because Newton failed to pay child support for more than one year; see LSA-R.S. 9:422.1. Failure to pay must have been without just cause.
Newton's alleged good cause was the fact that he was in jail and couldn't pay.
Newton was incarcerated for all but four months during the period in questionbetween November of 1982 and January of 1984when he was under judicial order to pay child support. Newton argues that he had no source of income with which to pay child support after November of 1982. Incarceration for a criminal offense does not necessarily constitute just cause for failure to pay child support. See In re Spillers, 426 So.2d 326 (La.App. 2d Cir.1983). There is no set rule resolving the question of *1080 whether incarceration is justification for non-support. Facts and circumstances vary. Each case is decided on its particular merits, as stated in In re Brannon, 340 So.2d 654 (La.App. 2d Cir.1976) and other decisions.
Between April and August, 1983, Newton was not in jail yet he neither worked nor paid child support. About that time, he did pay his attorneys at least $25,000.00.
Following the hearing, the trial judge, in his assigned "Reasons for Judgment," stated:
"The most important consideration in any adoption proceeding is whether the adoption is in the best interest of the child. Adoption of Latiolais, supra.[1] Robert Faison has been a father for Heather for the past five years. Heather stated to the Court in chambers that she wanted to be adopted. There are obvious social, economic and psychological advantages for Heather in the adoption: she would share the surname of her nuclear family; she would become Robert Faison's legitimate child; she would become part of a legitimate family nucleus adding stability and respect to her upbringing. Indeed, there may be psychological harm in forcing her to maintain a relationship with a father she is afraid of and does not want to know.
"Accordingly, because Mr. Newton failed to comply with a court order of support for a period of one year, and because it is in the best interest of Heather to be adopted by the man who has provided a stable home for her for the past six years, under LSA-R.S. 9:422.1(1) the petition of adoption is granted."
In finding that Newton's failure to pay child support was without just cause, the trial judge did not err, particularly if the adoption would otherwise clearly be in the child's best interests.
The record indicates that Newton's only contact between himself and Heather for the past five years was by letters eight to 12 weeks apart.
A trial judge has broad discretion in adoption proceedings. On review, he should not be second guessed when trying to balance the rights of natural parents against what appears to be the child's best interests.
Here, Newton's incarceration was his own doing, as was his failure to pay child support in excess of the one-year statutory period.
The September 9, 1987 judgment ordering Heather's adoption is affirmed. Newton is to bear costs of this appeal.
AFFIRMED.
NOTES
[1] 384 So.2d 377 (La.1980).