646 So.2d 1137 (1994)
In re Darron Joseph ORGERON.
No. 94-CA-458.
Court of Appeal of Louisiana, Fifth Circuit.
November 16, 1994.
David Carollo, Slidell, for defendant/appellant Kenneth W. Planche.
*1138 Gary J. Raphael, Gretna, for plaintiff/appellee Darron Joseph Orgeron.
Before WICKER, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Appellant, Kenneth Wayne Planche (Planche), appeals from a juvenile court judgment permitting the adoption of his minor daughter, Jamie Lynn Planche (Jamie), by petitioner, Darron Joseph Orgeron (Orgeron), the child's step-father. For the reasons which follow, we affirm.
Planche and Donna Lynn Chauvin (Chauvin) were married on October 12, 1985. During their marriage one child was born, Jamie, on September 12, 1986. The parties separated in April of 1987. Chauvin commenced divorce proceedings on June 6, 1988, citing as the grounds the physical abuse by Planche. Planche did not appear to contest the custody and support matters relative to Jamie and an attachment was issued for his arrest on November 3, 1988. Attempts to locate Planche pursuant to the attachment were unsuccessful. In 1990, Chauvin contacted the Jefferson Parish District Attorney's Office to again try and compel Planche to provide financial support for Jamie. But he again could not be found. In February of 1992, Chauvin retained counsel to pursue the divorce proceedings which had begun in 1988. An attorney was appointed for the absentee, Planche. The attorney successfully located Planche and he was personally served on April 9, 1992. He did not appear nor file an answer. Thereafter, a preliminary default was granted in favor of Chauvin on May 18, 1992 and confirmed on June 17, 1992, granting the divorce.
On September 4, 1992, Chauvin married Orgeron. On January 13, 1994, Orgeron filed a Petition for Intrafamily Adoption in Juvenile Court for the Parish of Jefferson, wherein he seeks to adopt Jamie and Jenny, Chauvin's daughter born before her marriage to Planche. Planche opposed the adoption of Jamie by Orgeron. The adoption of Jenny is not opposed.
Trial of this matter was held on April 18, 1994. Planche appeared but was unrepresented by counsel. The trial judge advised him of his right to counsel and offered to continue the case to allow time for him to obtain counsel. Planche declined the offer of a continuance and elected to go forward with the trial without counsel. All parties were sworn. The trial judge heard testimony from Chauvin, Orgeron and Planche. She then cleared the courtroom and spoke with Jamie on the record but outside of the presence of the parties and counsel. At the conclusion of trial, the trial judge rendered judgment, permitting the adoption of both Jamie and Jenny by Orgeron, finding that it was in the best interest of the children. It is from this judgment that Planche now appeals.
On appeal, Planche assigns one error in the lower court proceedings. His brief provides:
The appellant contends that the Juvenile Court of Jefferson Parish failed to take into account all of the statements made by the father therein as well as the evidence adduced by the father and the evidence attempted to be adduced by the father at the trial in this matter, as well as the court failed to consider mitigating factors in this matter in regard to the failure for visitation purposes and payment of support.
The Louisiana Children's Code provides a special section addressing intrafamily adoptions (La.Ch.C. arts. 1243-1258), including, as here, the adoption by a stepparent married to the parent of the child to be adopted. La.Ch.C. art. 1243. Generally, under La. Ch.C. art. 1193, the parents' consent to the adoption is required. However, parental consent may be dispensed with in certain situations as provided by La.Ch.C. art. 1245:
A. The consent of a parent as required by Article 1193 may be dispensed with upon proof of the required elements of either Paragraph B, C, or D.
B. When a grandparent has been granted custody of the child by a court of competent jurisdiction and any one of the following conditions exist:

*1139 (1) A parent has refused or failed to comply with a court order of support for a period of one year.
(2) A parent is a nonresident of this state and has failed to support the child for a period of one year after a judgment awarding custody to the grandparent.
(3) A parent has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of two years.
C. When a parent is married to a stepparent petitioner and both of the following conditions exist:
(1) The parent married to the stepparent petitioner has been granted sole or joint custody of the child by a court of competent jurisdiction.
(2) The noncustodial parent is a nonresident of this state and has failed to support the child for a period of one year after the judgment awarding custody.
D. When a parent lawfully exercising actual custody of the child is married to a stepparent petitioner and either of the following conditions exist:
(1) The other parent has refused or failed to comply with a court order of support for a period of one year.
(2) The other parent has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of two years.
The party petitioning the court for adoption carries the burden of proving a parent's consent is not required under the law. In re JMP, 528 So.2d 1002 (La.1988). However, even upon finding that a parent has lost his right to consent to the adoption, the adoption should only be granted when it is also found to be in the best interest of the child. In re Farrar, 635 So.2d 674 (La.App. 3rd Cir.1994). The trial judge is vested with great discretion in determining whether an adoption is in the best interest of the child and each case must be decided on its own facts. Farrar, supra. In re EWB, 441 So.2d 478 (La.App. 2nd Cir.1983). The trial court's discretion is not absolute and a determination of best interest is subject to reversal if the record reveals manifest error in the determination. Farrar, supra; EWB, supra.
In Farrar, after reviewing much of the jurisprudence in the area of intrafamily adoptions and noting the importance of the natural parent-child relationship, the court found that in order to meet the burden imposed on the adopting parent to show that it is in the best interest of the child to sever the natural parent-child relationship, Louisiana courts have required that the petitioner establish one of the following:
1) no natural parent-child relationship exists, 2) the natural parent is indifferent about the child's well being, or 3) the natural parent's visits with the child have been sporadic and inconsistent.
The court went on to conclude that under these circumstances, our jurisprudence supports a finding that continuing the legal bond between a natural parent who has had inexcusable and lengthy lapses communicating and showing love for his child is not in the best interest of the child.
Here, the parents separated in April of 1987 when the child was seven months old. Since that time, Planche could only testify to one time when he saw the child, around Christmas of 1989, when she stayed at his house. Between 1988 and 1991, he resided in Massachusetts and testified that he sent money sometimes and called sometimes, but he brought no phone records or financial records to corroborate either fact. He returned to Louisiana but testified that he last spoke to his daughter in 1990 or 1991 and hasn't spoken to her since, because he did not know where his daughter was, although he knew that she was residing in Houma. He also testified that he did not visit her because Chauvin told him to leave them alone. He stated that he did not contact Chauvin's family in an attempt to find his daughter because they did not like him. He stated that he just assumed that Chauvin would calm down, contact him and he could again see his child. On April 9, 1992, he was served with papers from the divorce proceeding and he did not then appear or attempt to gain legal access to his child. The trial judge concluded that Orgeron had met his burden *1140 of proof and the best interest of Jamie would be to allow the adoption.
After reviewing the entire record in the instant case, we find no error in the trial court's ruling. Even viewing the testimony most favorable to Planche, it appears from the record that over the seven year period since the parties separated, Planche has only seen his daughter one time, although he may have called from time to time and sent money sporadically between 1987 and 1989. However, at least since 1992, when served with divorce papers, he did not appear and he has made no attempts to visit the child, to call her or to send her money. Only the smallest parent-child relationship exists between Planche and Jamie. While his testimony indicates that he is not indifferent to her well being, his actions seem to indicate otherwise. Jamie stated that she did not really know Planche and only remembered going to his house one time "for a minute". She has lived with her mother, sister, Orgeron and his daughter by a former marriage for the past two years and stated that she loved Orgeron and wanted to be adopted. We find no error in the trial court finding that the intrafamily adoption of Jamie by her stepfather was in the child's best interest.
Accordingly, for the reasons stated above, we affirm the trial court judgment granting the adoption of Jamie and Jenny by Orgeron. Costs of appeal are to be borne by Planche.
AFFIRMED.