817 So.2d 371 (2002)
In re Jeffrey Lewis FLEMING Applying for Intra Family Adoption of K.D.R.
No. 01-CA-1405.
Court of Appeal of Louisiana, Fifth Circuit.
April 30, 2002.
*373 Samuel J. Accardo, Jr, LaPlace, LA, for Jeffrey Lewis Fleming, Plaintiff-Appellee.
Scott J. Spivey, Alexandria, LA, for Charlie Joe Roshto, Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
This is an appeal from a judgment of the trial court granting a petition for an intra-family adoption. For the reasons stated herein, we affirm.
On February 2, 2000, Jeffrey Lewis Fleming filed a Petition for Intra Family Adoption pursuant to the provisions of La. Ch.C. arts. 1243, et seq., seeking to adopt his stepdaughter, Karley Danielle Roshto. The child's biological mother and legal custodian, Dara Brown Fleming, joined in his petition. Petitioner also requested that the child's last name be changed to Fleming. Mr. Fleming alleged in this petition that he had been married to the child's mother, Dara Brown Fleming, since October 24, 1998, and that the child has resided with he and Mrs. Fleming since that time. Petitioner also alleged that the child's biological father, Charlie Joe Roshto, had been incarcerated since November of 1996, and that he failed to provide support or visit with the minor child during that period of time.
On February 14, 2000, Charlie Joe Roshto filed a motion to intervene in these proceedings and an opposition to the adoption of the minor child. A trial in this matter was held on September 19, 2000, and by judgment rendered October 13, 2000, the trial court granted the petition for adoption and ordered the child's name to be changed in official records. The trial court granted lengthy reasons for judgment. From this judgment, Charlie Joe Roshto has suspensively appealed.
The petition for intrafamily adoption such as the one requested here is governed by La. Children's Code article 1243, which provides in pertinent part:
A. The following persons may petition for an intrafamily adoption:
(2) A stepparent married to a parent of the child who is recognized as having parental rights may petition to adopt the child if the stepparent has been married to the parent and they have resided with the child for at least six months prior to filing the petition for adoption.
In general, consent of the child's parents is required unless the parent's rights have been terminated. La. Ch.C. art. 1193. However, in an intrafamily adoption such as this one, the necessity of consent of the other parent is specifically governed by La. Ch. C. art. 1245, which provides in part as follows:
A. The consent of the parent as required by Article 1193 may be dispensed with upon proof of the required elements of either Paragraph B or C of this Article.
* * *
C. When the spouse of a stepparent petitioner has been granted sole or joint custody of the child by a court of competent jurisdiction or is otherwise exercising lawful custody of the child and any one of the following conditions exists:
(1) The other parent has refused or failed to comply with a court order of support without just cause for a period of at least six months.
(2) The other parent has refused or failed to visit, communicate, or attempt to communicate with the child without *374 just cause for a period of at least six months.
The record in this case indicates that Dara and Jeffrey Fleming were married in 1998 and that Dara Fleming has had sole custody of Karley Roshto since September 4, 1996. In November of 1996, Charlie Roshto was convicted of attempted burglary and battery.[1] The battery was committed on Dara Fleming on October 27, 1996 in the presence of the minor child, Karley, prior to a period of scheduled visitation. Mr. Roshto served over three years in prison for this conviction, and he was transferred to a work release facility in December of 1999.
In its reasons for judgment, the trial court determined that as the spouse of the child's mother and legal custodian who resided with the child for over six months, Fleming was entitled to seek an adoption of child pursuant to La. Ch.C. art. 1243. Further, the court found that pursuant to Article 1245(C), the consent of Charlie Roshto to petitioner's request for adoption was not necessary as Mr. Roshto, without just cause, had failed to comply with a court order of support and had failed to communicate with the child for a period of at least six months.
A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. To reverse a factfinder's determination, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993). When factual findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard of review demands great deference to the trier of fact's findings, because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840 (La.1989).
By his first assignment of error, appellant contends that the trial court erred in finding that he had failed to make child support payments or to make any effort to communicate or visit with his child during his incarceration. The record in this case contains the child custody and support proceedings filed in the Ninth Judicial District. On petition of the child's mother, an order of child support was entered by the court in November of 1995 in the amount of $275.00 per month, and an income assignment order was entered on December 11, 1995. The record indicates that appellant made sporadic payments of child support over the next ten months, for a total of approximately $1,000. The record further indicates that no payments were received from appellant from October of 1996 through February of 2000. In February of 2000, one payment was received in the amount of $208.76 which had been garnished from appellant's wages at the work release program. As of the time of trial in September of 2000, no additional payments had been received from appellant.
Appellant contends that he made support payments during the period of his incarceration through his mother, Charlene Gauthier. However, Mrs. Gauthier testified that she could not afford to make *375 payments, and that she notified the child support enforcement office that her son was incarcerated. According to Mrs. Gauthier, she was told that her son did not have to pay child support while he was incarcerated. Other than the testimony of Mrs. Gauthier, there is no evidence in the record that appellant made any support payments for this child from October of 1996 until February of 2000.
Appellant also argues that the trial court erred in finding he had failed to exercise visitation of the minor child. Appellant testified at the trial of this matter on September 19, 2000 that he last exercised visitation with the child on his birthday on May 5, 1996. He stated that he attempted to exercise his visitation rights from jail, but that Mrs. Fleming refused his request. Appellant admitted however that although he was granted telephone privileges on a daily basis while in jail, he never attempted to call his daughter during his incarceration. Further, he admitted that he did not send anything in the mail to his daughter during this time period or after his release in December of 1999.
We have carefully reviewed the entire record in the matter, and we fail to find any manifest error in the trial court's factual determinations that appellant failed to comply with the order of support and failed to communicate with the child for a period greater than six months as required by La. Ch.C. art. 1245(C). The record contains the support order requiring appellant to pay $275.00 per month for the support of this child. Appellant failed to file a motion to reduce the child support until after the filing of the petition for adoption. In addition, the testimony of Dara Fleming supports the trial court's findings that she did not receive any type of financial support from appellant for the child during a four year period, and the support she received prior to this was sporadic. Although appellant relies heavily on the testimony of Mrs. Gauthier to support his claim that support payments were made, we find this testimony to be insufficient to prove the payments were made in light of the fact that the records from child support enforcement services do not reflect any such payments.
With regard to the court's finding that Mr. Roshto failed to visit or communicate with the child for a period of at least six months, Mrs. Fleming's testimony and Mr. Roshto's own admissions support the trial court's factual determinations on this issue. Although Mr. Roshto argues that Dara Fleming opposed his communication with his daughter from prison, Mr. Roshto admitted that he had no communication with the child in the six months prior to his incarceration. Further, he admitted that while he was in prison, he made no effort to communicate with his daughter either in writing or by telephone although he was allowed telephone privileges each night. The trial court apparently rejected appellant's self-serving testimony that he made serious efforts to contact his child. This credibility ruling is within the court's discretion. Under these circumstances, we find no basis to disturb the trial court's ruling.
Appellant next contends that the trial court erred in determining his consent to the adoption was unnecessary because La. Ch. C. art. 1245 provides that the failure to comply with a court order of support and the failure to visit or communicate must be without just cause. Appellant contends that his incarceration constitutes just cause for his failure to visit or communicate and his failure to comply with the court order of support. We do not agree.
Appellant relies on the First Circuit case of In re Dantzler, 99-0625 (La.App. 1 Cir. 6/25/99), 739 So.2d 907, writ denied, 99-2228 (La.8/2/99), 747 So.2d 38, in which the *376 court held that a mother's incarceration did not justify the termination of her parental rights. However, the court noted in that case that the facts involved a parent who was incarcerated for a non-violent act which was committed prior to the birth of the child. Further, the court noted that prior to the incarceration, the mother had been a caring parent and the primary caregiver, and there had been no court order of support in that case.
In the present case, appellant's conviction resulted from a violent act perpetrated on the child's mother, Dara Fleming, in the presence of the child, who was then three years old. Further, the record supports a finding that prior to his incarceration Mr. Roshto was never the primary caregiver for the child nor did he maintain significant contact with the child after the couple separated from each other. Also, there was a court order of support in the present case which appellant had failed to adequately comply with even before his incarceration. We find that the court's decision in Dantzler is therefore distinguishable from the facts of the present case.
The party petitioning the court for adoption carries the burden of proving a parent's consent is not required under the law. In re Orgeron, 94-458 (La.App. 5 Cir. 11/16/94), 646 So.2d 1137. Further, a parent's incarceration is not "just cause" for failing to pay support or communicate with the child. In the Interest of H.A.N., 528 So.2d 1079 (La.App. 5 Cir.1988). In that case, a panel of this Court stated:
Incarceration for a criminal offense does not necessarily constitute just cause for failure to pay child support. There is no set rule resolving the question of whether incarceration is justification for non-support. Facts and circumstances vary. Each case is decided upon its particular merits.
528 So.2d at 1079-80, (citations omitted).
The court further found that the most important consideration in any adoption proceeding is whether the adoption is in the best interest of the child. Id., 528 So.2d 1080.
The trial court determined in its reasons for judgment that it was in the best interest of the minor child that the adoption be granted. We find this determination to be well-supported by the record.
The record shows that Mr. Fleming was involved in Karley's life from the time she was three years old. At the time of the trial of this matter, she had resided with him for two years. The child refers to the petitioner as "Daddy," and there was testimony presented that he treats her like his own child. The Flemings own their own home, and Karley currently lives in a stable family unit with her mother, petitioner and her two younger half-siblings. Both Mr. and Mrs. Fleming are gainfully employed with sufficient income to provide for the financial needs of the family.
Conversely, Mr. Roshto failed to financially support his minor child and failed to maintain significant contact with the child, even before his incarceration. The last time the child saw appellant was on the date of the physical altercation between appellant and the child's mother. The trial court was particularly impressed with the fact that Mr. Roshto did not even attempt to communicate with the minor child either in writing or by telephone in the four years of his incarceration. Although appellant testified that he fervently attempted to visit and communicate with the child, the trial court found in its reasons for judgment that Mr. Roshto's testimony lacked fervor.
The trial court also noted that Mr. Roshto has demonstrated a propensity for *377 violence and unlawfulness, as well as a disdain for both parental and moral responsibility. Further, this Court notes the volatility of the relationship between Mrs. Fleming and Mr. Roshto, and we consider the harmful effects that such a relationship has on a small child.
For the reasons assigned herein, as well as for the reasons assigned by the trial court, we conclude that petitioner met his burden of proving the requirements of La. Ch.C. art. 1245(C), and that Mr. Roshto's consent was not required in these adoption proceedings. Further, we find that the record overwhelmingly supports the trial court's determination that the adoption is in the best interests of the minor child.
By his final assignment of error, appellant contends that the termination of his parental rights by this adoption constitutes cruel and unusual punishment for the crime of second degree battery and amounts to a violation of his constitutional rights. Appellant contends that the provisions of La.Ch.C.art. 1245 allows the court system to further punish him for the crime by terminating his parental rights as his incarceration prevented him from financially supporting or maintaining contact with his child. We find no merit in this assignment of error.
The record in this matter fails to show that appellant's parental rights were terminated as a punishment for his felony conviction. Rather, the record shows that Mr. Roshto failed to adequately support or maintain contact with his daughter prior to his conviction and incarceration. Mr. Roshto failed to address this situation while in prison by attempting to reduce his support obligation. Further, nothwithstanding his incarceration, Mr. Roshto had the opportunity of maintaining contact with his daughter either by telephone or through the mail service. The fact that he failed to foster a personal relationship was by his own choice, and his consequent loss of parental rights pursuant to La. Ch.C. art. 1245 does not constitute part of the punishment scheme for the crime of battery. We fail to find that La. Ch.C.art. 1245 as applied to the criminal statutes and sentencing provisions constitutes unconstitutionally excessive, cruel or unusual punishment.
Accordingly, for the reasons assigned herein, the judgment of the trial court granting the petition of Jeffrey Louis Fleming for the intrafamily adoption of Karley Danielle Roshto is hereby affirmed. Likewise, the trial court's order that the child's name be changed in official and legal records to Karley Danielle Fleming is also affirmed. Appellant shall bear all costs of this appeal.
AFFIRMED.
NOTES
[1] The record in unclear as to whether appellant's conviction was for aggravated battery in violation of La. R.S. 14:34 or second-degree battery in violation of La. R.S. 14:34.1. Appellant states in brief that he was convicted pursuant to La. R.S. 14:34. Both of these crimes are felonies, however.