GREG G. GUIDRY, Judge.
|j>The juvenile court rendered judgment in this case on the petition of the Department of Social Services, Office of Community Services (OCS), terminating the parental rights of the mother, S.C.,[1] to the minor children A.C. and C.C.[2] S.C. appeals from that judgment. For the reasons which follow, we affirm.
A.C. was born on January 20, 1991. C.C. was born January 4, 1995. They are the minor children of S.C. On August 23, 2005, OCS filed a petition to terminate S.C.’s parental rights alleging that she had abandoned her children and that her rights should be terminated under La. Ch.C. art. 1015(4)(b) and (c). The petition also asserted that it was in the best interest of the children to have the opportunity for permanency through an adoptive home.
IsFollowing a hearing, the court found that “OCS has proven by clear and convincing evidence that the parents, [L.C.] and [S.C.], have abandoned the minor children pursuant to Louisiana Children’s Code Article 1015(4), inasmuch as for a period in excess of six months the parents have failed to maintain substantial contacts with the children or to pay substantial support for the children and have not provided for the health, safety or financial support of the children.” Additionally, the court found “that it is in the best interest of the children for them to be freed for adoption together, by the prospective adoptive parents whom they have identified.” The court rendered judgment on February 2, 2006 terminating the parental rights of each parent. It is from this judgment that S.C. appealed. On appeal, S.C. assigns two errors.
In the single argument on the assigned errors, S.C. argues that the court erred in terminating her parental rights without first requiring OCS to search for relatives who could care for the children. S.C. also argues that OCS failed to prove that she intended to permanently avoid parental responsibility. She contends that the children are very attached to her and that she did not intend to abandon them but was prevented from supporting and providing for the children because of hurricane Katrina and her incarceration.
OCS opposed S.C.’s position arguing that they met the burden of proof by clear and convincing evidence and the juvenile *74 court judgment terminating S.C.’s parental rights should be affirmed. OCS points out that the children have been in state custody since March 2004 when S.C. was picked up on a shoplifting charge. The children were found to be “in need of care” on May 18, 2004 and a case plan was presented with the goal of reunification. From May through October, S.C. was difficult to get in touch with. She changed addresses and could not be reached by telephone. S.C. was re-incarcerated in October 2004. Despite being given bus Rtokens, S.C. made no visits between July and October. One of the children, A.C., was taken to the prison to visit her mother in February 2005. S.C. did not send any cards or letters to the children before the petition to terminate was filed in August 2005. She paid no child support during the two year period that the children were in foster care. OCS points out that the children want to be adopted and S.C. presented no evidence of “just cause” for her lack of support of or communication with the children.
In State ex rel. J.A, 99-2905 pgs. 7-9 (La.1/12/00), 752 So.2d 806, 810-811, the Louisiana Supreme Court discussed termination of parental rights proceedings, as follows:
In any case to involuntarily terminate parental rights, there are two private interests involved: those of the parents and those of the child. The parents have a natural, fundamental liberty interest to the continuing companionship, care, custody and management of their children warranting great deference and vigilant protection under the law, Lassiter v. Department of Soc. Servs., 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981), and due process requires that a fundamentally fair procedure be followed when the state seeks to terminate the parent-child legal relationship, State in Interest of Delcuze, 407 So.2d 707 (La.1981). However, the child has a profound interest, often at odds with those of his parents, in terminating parental rights that prevent adoption and inhibit establishing secure, stable, long-term, and continuous relationships found in a home with proper parental care. Lehman v. Lycoming County Children’s Serv.’s Agency, 458 U.S. 502, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982); see also State in the Interest of S.M., 98-0922 (La.10/20/98), 719 So.2d 445, 452. In balancing these interests, the courts of this state have consistently found the interest of the child to be paramount over that of the parent. See, e.g., State in the Interest of S.M., 719 So.2d at 452; State in the Interest of AE., 448 So.2d 183, 186 (La.App. 4 Cir.1984); State in the Interest of Driscoll, 410 So.2d 255, 258 (La.App. 4 Cir.1982).
The State’s parens patriae power allows intervention in the parent-child relationship only under serious circumstances, such as where the State seeks the ^permanent severance of that relationship in an involuntary termination proceeding. The fundamental purpose of involuntary termination proceedings is to provide the greatest possible protection to a child whose parents are unwilling or unable to provide adequate care for his physical, emotional, and mental health needs and adequate rearing by providing an expeditious judicial process for the termination of all parental rights and responsibilities and to achieve permanency and stability for the child. The focus of an involuntary termination proceeding is not whether the parent should be deprived of custody, but whether it would be in the best interest of the child for all legal relations with the parents to be terminated. La. Child. Code art. 1001. As such, the primary concern of the courts and the State remains to secure the best interest *75 for the child, including termination of parental rights if justifiable grounds exist and are proven. Nonetheless, courts must proceed with care and caution as the permanent termination of the legal relationship existing between natural parents and the child is one of the most drastic actions the State can take against its citizens.
In this case, OCS grounded the petition for termination on La. Ch.C. art. 1015(4)(b) and (c) which provides:
The grounds for termination of parental rights are:
(4) Abandonment of the child by placing him in the physical custody of a nonparent, or the department, or by otherwise leaving him under circumstances demonstrating an intention to permanently avoid parental responsibility by any of the following:
[[Image here]]
(b) As of the time the petition is filed, the parent has failed to provide significant contributions to the child’s care and support for any period of six consecutive months.
(c) As of the time the petition is filed, the parent has failed to maintain significant contact with the child by visiting him or communicating with him for any period of six consecutive months.
The State only needs to establish one ground under La. Ch.C. art. 1015 upon which to base the termination of parental rights, and must prove those elements by clear and convincing evidence. State ex rel. J.A, 99-2905 p. 9 (La.1/12/00), 752 So.2d 806, 811; State ex rel J.T.C., 04-1096 p. 12 (La.App. 5th Cir.2/15/05), 895 [(6So.2d 607, 615, writs denied, 05-0466 (La.4/8/05), 899 So.2d 11; La. Ch.C. art. 1035(A); La. Ch.C. art.1037. In addition, the trial judge must also find that the termination is in the best interest of the child. State ex rel. J.A 99-2905 at 9, 752 So.2d at 811; La. Ch.C. art. 1037. The appellate court reviews a trial court’s findings as to whether parental rights should be terminated according to the manifest error standard. State ex rel. K.G., 02-2886, p. 4 (La.3/18/03), 841 So.2d 759, 762.
Once the State has established abandonment and failure to provide care and support, the burden shifts to the parent to establish “just cause” and thereby avoid termination. State in Interest of M.L., 95-45, p. 9 (La.9/5/95), 660 So.2d 830, 833; State ex rel. T.M.H., 99-433 p. 6 (La.App. 5th Cir.11/30/99), 748 So.2d 1216, 1219. Incarceration is not a “just cause” defense to failure to support the children or to maintain contact with them in a termination of parental rights case, if the incarceration is shown to be a result of the parent’s actions. In re Fleming, 01-1405, p. 7 (La.App. 5th Cir.4/30/02), 817 So.2d 371, 376; In the Interest of H.A.N., 528 So.2d 1079, 1080 (La.App. 5th Cir.1988).
After considering the record in light of the above, we find no error in the juvenile court ruling terminating the parental rights of S.C. to A.C. and C.C. OCS clearly proved that S.C. did not support her minor children for a period of over six months from March 2004 through October 8, 2004. Pamela Martin, a Child Welfare Specialist with OCS assigned to this case testified to these facts. Additionally, S.C. admitted in her testimony that she had not provided support for her minor children during this time or any other time after they were placed in foster care. Ms. Martin also testified that she repeatedly gave S.C. bus tokens to enable her to visit her children and keep her case appointments but she did not attend as required. She wrote letters to the children from time to time and there |7was some sporadic telephone contact. But the court found that the few contacts that were made occurred after the petition for termination was filed. Also, A.C.’s foster mother testified that the *76 telephone calls were upsetting to A.C. because S.C. would tell her that she was no good and that no one loved her. Furthermore, in finding that the termination of parental rights was in the children’s best interest, the court noted that the children, 15 and 11 years old at the time of the hearing, both stated that they wanted to be adopted. The court also noted that there was a family interested in adopting the two children and that the children were happy with that situation.
Based on the foregoing we find no error in the juvenile court finding that OCS proved by clear and convincing evidence that S.C. had abandoned her minor children, A.C. and C.C., as provided by La. Ch. C. art. 1015(4)(b) and (c) by failing to maintain substantial contacts with the children or providing substantial support for them for a period in excess of six months, and that termination of S.C.’s parental rights, freeing the children for adoption, was in the best interest of the children.
Accordingly, we affirm the judgment of the juvenile court terminating the parental rights of S.C. to A.C. and C.C.

AFFIRMED.

. The judgment also terminated the parental rights of the father, L.C., to the children. No appeal was taken on behalf of the father. Therefore, that part of the ruling has not been discussed herein.

. We will refer to the minor children and their parents by initials to lessen the minor children's exposure and thereby protect their identity. La. Sup.Ct. Rule XXXII, § 3,