# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 11-378

C.D.J. AND B.M.A.J. APPLYING FOR
INTRA-FAMILY ADOPTION OF
P.L.A. AND D.T.A.

VERSUS

B.C.A.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2010-6561
HONORABLE LILYNN CUTRER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

W. Mitchell Redd, Attorney at Law
940 Ryan Street
Lake Charles, LA  70601
COUNSEL FOR DEFENDANT/APPELLEE:
    B.C.A.

Emily Wagner, Attorney at Law
934 Garden Drive
Westlake, LA 70669
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    C.D.J. & B.M.A.J.

**PAINTER, Judge**

The stepfather and biological mother of two minor children petitioned for intra-family adoption. The trial court dismissed the petition on the father's exceptions because there was no custody order in effect and litigation as to custody was on-going at the time the petition came for hearing. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

B.M.A.J.[1], is the biological mother of the minor children, P.L.A. and D.T.A. Defendant, B.C.A., married B.M.A.J. on March 10, 2005. B.C.A. adopted P.L.A. and is the biological father of D.T.A. (who was born during the marriage between B.M.A.J. and B.C.A.). B.C.A. and B.M.A.J. were divorced on December 5, 2008. Petitioner, C.D.J., is currently married to B.M.A.J. and is the stepfather of P.L.A. and D.T.A.

When B.M.A.J. and B.C.A. were divorced, B.C.A. was ordered to pay child support, but there was no order as to custody. On May 7, 2010, B.M.A.J. and her new husband, C.D.J., filed a petition for intra-family adoption of P.L.A. and D.T.A. Therein, they alleged that B.C.A.'s consent to the adoption was not required under La.Ch.Code art. 1245(C)(1) because B.C.A. had failed to pay child support as ordered by the court for longer than six months. B.C.A. objected to the adoption, and a hearing was held on November 12, 2010. At the hearing, B.C.A. submitted exceptions of no cause of action and prematurity based on the fact that there was no custody order in effect. The trial court granted the exceptions and dismissed the petition for intra-family adoption. Also on that date, the trial court signed a stipulated judgment as to custody. Joint custody of the minor children

---

[1] Pursuant to Rules 5-1 and 5-2 of the Uniform Rules-Courts of Appeal, we use the initials of the parties involved to protect the identities of the minor children.

was awarded to B.M.A.J. and B.C.A., with B.M.A.J. being designated as the domiciliary parent. This appeal of the dismissal of the petition for intra-family adoption followed. The award of joint custody is not at issue herein.

## DISCUSSION

"The party petitioning the court for adoption carries the burden of proving a parent's consent is not required under the law." *In re Mulvihill*, 10-826, p. 4 (La.App. 4 Cir. 1/19/11), 56 So.3d 418, 421 (*citing In re Fleming*, 01-1403 (La.App. 5 Cir. 4/30/02), 817 So.2d 371). In this case, B.M.A.J. and C.D.J. allege that B.C.A.'s consent to the adoption is not necessary under La.Ch.Code art. 1245 because B.M.A.J. was "otherwise lawfully exercising actual custody" and because B.C.A. failed to pay child support for a period longer than six months.

The peremptory exception of no cause of action poses a question of law and is reviewed de novo. *Washington Mut. Bank v. Monticello*, 07-1018 (La.App. 3 Cir. 2/6/08), 976 So.2d 251, *writ denied*, 08-530 (La. 4/25/08), 978 So.2d 369; *see also Indus. Cos., Inc. v. Durbin*, 02-665 (La. 1/28/03), 837 So.2d 1207.

Louisiana Children's Code Article 1245 reads:

> A. The consent of the parent as required by Article 1193 may be dispensed with upon proof by clear and convincing evidence of the required elements of either Paragraph B or C of this Article at the hearing on the opposition and petition.
>
> B. When a petitioner authorized by Article 1243 has been granted custody of the child by a court of competent jurisdiction and any one of the following conditions exists:
>
> (1) The parent has refused or failed to comply with a court order of support without just cause for a period of at least six months.
>
> (2) The parent has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of at least six months.
>
> C. When the spouse of a stepparent petitioner has been granted sole or joint custody of the child by a court of competent jurisdiction

or is otherwise exercising lawful custody of the child and any one of the following conditions exists:

(1) The other parent has refused or failed to comply with a court order of support without just cause for a period of at least six months.

(2) The other parent has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of at least six months.

B.M.A.J. and C.D.J. assert that *In re Landry*, 97-867 (La.App. 3 Cir. 10/29/97), 702 So.2d 1092, defines "otherwise exercising lawful custody" to mean "the parent who has actual, physical custody of the child where no custody decree exists." *Id*. at 1096. While we agree with *Landry* that there was no prior jurisprudence interpreting the language "lawfully exercising actual custody," we find that it is distinguishable from the case at bar. Thus, we do not find that the *Landry* decision is dispositive of the issue at hand. The *Landry* case dealt with a situation in which there was no marriage between the mother and father such that the child at issue was illegitimate. There was no on-going custody dispute as is present here. We agree with the trial court that it was not the intent of the law for the provisions of this article to apply to the case where there is on-going litigation relating to custody.

Thus, our de novo review leads us to the determination that the trial court was legally correct in dismissing the petition for intra-family adoption filed by B.M.A.J. and C.D.J. on B.C.A.'s exception of no cause of action because there was on-going litigation as to custody. Since we find that the trial court correctly dismissed the petition on procedural grounds, we do not address the assertion that the trial court erred in not holding an adequate hearing.

3

**DECREE**

For all of the foregoing reasons, we affirm the trial court's judgment dismissing the petition for intra-family adoption filed by B.M.A.J. and C.D.J. Costs of this appeal are assessed to Plaintiffs/Appellants.

**AFFIRMED.**