# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-400

**STATE IN THE INTEREST OF**

**A.S.L.**

**VERSUS**

**J.L.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 13TP29
HONORABLE DONALD THADDEUS JOHNSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Shannon J. Gremillion, Judges.

Amy, J., concurs in the result and assigns written reasons.

**REVERSED AND REMANDED.**

**Susan Ford Fiser**
**Attorney at Law**
**P.O. Box 12424**
**Alexandria, LA 71315-2424**
**(318) 442-8899**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **A.S.L. (child)**

**Brian K. Thompson**
**Law Offices of Brian K. Thompson, APLC**
**2915 Jackson Street**
**Alexandria, LA 71301**
**(318) 473-0052**
**COUNSEL FOR APPELLANT:**
     **M.D. (mother)**


**Jennifer O. Robinson**
**Attorney At Law**
**115 West Main Street, Suite 16**
**Lafayette, LA 70501**
**(337) 237-0503**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **J.L. (father)**

**GREMILLION, Judge.**

The appellant, M.D., appeals the trial court's grant of the defendant-appellee's exceptions of no cause of action and prematurity.[1] For the following reasons, we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

M.D. is the mother of A.S.L., who was born on February 15, 2010. J.L. is the biological father of A.S.L. M.D. and J.L. were never married. On September 6, 2013, M.D. filed a petition to terminate the parental rights of J.L. based on abandonment of the child pursuant to La.Ch.Code art. 1015(4). On October 15, 2013, J.L. filed exceptions of no cause of action and prematurity on the basis of ongoing custody litigation that originated with his April 26, 2013 Rule for Custody/Visitation filed in the Ninth Judicial District Court. Following a November 2013 hearing, the trial court granted J.L.'s exception of no cause of action "based upon the previously filed *Petition to Establish Custody* filed by the defendant in captioned matter [*J.L. v. M.D.*], Civil Suit No. 247,311 "D"." Thereafter, M.D. applied for supervisory writs with this court which were denied because there existed a final, appealable judgment. However, we considered M.D.'s writ as a timely filed motion for appeal.

## ASSIGNMENTS OF ERROR

M.D. sets forth the following assignments of error:

1. The Trial Court committed legal error by granting the Exception of No Cause of Action and Prematurity filed on behalf of [J.L.]; and

2. The Trial Court committed legal error by refusing to acknowledge La.Ch.C. Art. 1001.1, which provides for priority docketing in termination proceedings.

---

[1] Pursuant to Rules 5–1 and 5–2 of the Uniform Rules–Courts of Appeal, we use initials throughout to protect the identity of the minor child.

# DISCUSSION

The issue in this case is the procedural posture required under La.Ch.Code art. 1001.1. and whether a petition for termination supersedes ongoing custody litigation. At the hearing on the exception the trial court stated:

> I'll procedurally make that clear. The termination proceeding is continued without date, pending adjudication in Division "D". Or, if Division "D" wants to formally transfer everything to me, bring it to me and we'll have a full-blown hearing. But I will not rule to terminate until the custody issue is resolved.
>
> . . . .
>
> The Court is refusing to act at this time on the termination of his rights. I have not taken any testimony or evidence. It's a procedural issue, and you have a right to appeal. That's acknowledged, and you may proceed.

M.D. argues that the intent of La.Ch.Code art. 1001.1 is to allow for the best interests of the child to be ensured if a ground justifying the termination of parental rights is proven. M.D. further argues that ignoring the mandates of La.Ch.Code art. 1001.1 would allow a parent to circumvent termination proceedings by quickly filing a rule for custody/visitation. M.D. claims this would result in a child being tied up in a visitation arrangement for months while normal legal delays run rather than having an expeditious determination if termination is appropriate. J.L. argues that La.Ch.Code art. 1001.1 was not intended to apply to instances in which there is ongoing custody litigation citing *C.D.J. v. B.C.A.*, 11-378 (La.App. 3 Cir. 10/5/11), 74 So.3d 300. Louisiana Children's Code Article 1001.1 states (emphasis added):

> Any petition filed and any proceeding held under the provisions of this Title shall be given priority, to the extent practicable, over any other civil action before the court, except emergency proceedings for the protection of the child under Articles 617 through 627, or Domestic Abuse Assistance proceedings under Chapter 8 of Title XV. *Any petition filed under the provisions of this Title shall be docketed*

2

*immediately upon filing, and hearings shall be scheduled for the earliest dates practicable.*

The language of this article is clear and unequivocal. When a petition for termination has been filed, a hearing on the merits must be held in priority to all other civil proceedings with two exceptions that do not apply here. The fact that pre-existing and/or ongoing custody litigation exists goes to the merits of the termination proceeding. A pre-existing petition for custody and/or visitation does not serve as a bar to the requirements of La.Ch.Code art. 1001.1. There need not be an existing custody order in effect to determine whether a parent's rights should be terminated.

We are mindful of the decision set forth by a panel of this court in *C.D.J.* which involved an intra-family adoption. In *C.D.J.*, the mother and stepfather petitioned for adoption pursuant to La.Ch.Code art. 1245. A panel of this court found that the trial court did not err in dismissing the petition based on the father's exceptions of no cause of action and prematurity because there was "on-going litigation relating to custody." *C.D.J.*, 74 So.3d at 302. Louisiana Children's Code Article 1001.1 was not at issue in *C.D.J.*, and we find it distinguishable from the current case.

While we may have ultimately found no error in the trial court's factual determination that the ongoing custody litigation precluded the termination of parental rights when the reason claimed for termination is abandonment pursuant to La.Ch.Code art. 1015(4), the trial court procedurally erred in granting J.L.'s exceptions of no cause of action without conducting a full hearing on the merits of the termination. Accordingly, we reverse the trial court's grant of J.L.'s exceptions

of no cause of action and prematurity and remand this case for proceedings consistent with this opinion.

## CONCLUSION

The judgment of the trial court granting the exception of no cause of action in favor of the defendant-appellee, J.L., is reversed. We remand this case for proceedings consistent with this opinion. All costs of this appeal are assessed to the defendant-appellee, J.L.

**REVERSED AND REMANDED**.

NUMBER 14-400

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE IN THE INTEREST OF A.S.L. v. J.L.

AMY, J., concurring in the result.

The majority opinion excerpts a portion of the transcript indicating that the trial court expressed concern regarding the propriety of considering the merits of M.D.'s proceeding in light of the custody matter pending in another division of the court. The transcript also reflects that the trial court and the parties discussed the issue within the context of prematurity, another exception filed by J.L. Ultimately, however, the judgment rendered by the trial court reflected a granting of the exception of no cause of action. I agree with the majority that the petition in this matter does, in fact, state a cause of action. Without addressing the merits of M.D's claim and without going beyond the immediate and limited question of whether the trial court was correct in granting the exception of no cause of action, which I conclude was in error, I would reverse and remand this matter to the trial court for further proceedings.