739 So.2d 907 (1999)
In re Tobie Judge (Brown) DANTZLER.
No. 99 CA 0625.
Court of Appeal of Louisiana, First Circuit.
June 25, 1999.
Richmond C. Odom, Baton Rouge, Counsel for AppellantTobie Jude (Brown) Dantzler.
*908 Cathryn Cloninger-Kojis, Baton Rouge, Counsel for AppelleeWanda Home Dantzler.
Before: FITZSIMMONS, GUIDRY and PETTIGREW, JJ.
FITZSIMMONS, J.
Tobie Jude (Brown) Dantzler petitioned for the intrafamily adoption of her stepdaughter. The mother of the child opposed the adoption. Mr. Jerry Dantzler, the father of the child, had divorced the child's mother. He obtained sole custody during the mother's incarceration. The natural father married the petitioner, Mrs. Dantzler. After a closed hearing, the trial court denied the petition for adoption. Mrs. Dantzler appealed.

REQUIREMENTS OF CHILDREN'S CODE ARTICLE 1194
Petitioner, Mrs. Dantzler, alleged that she was entitled to adopt the child over the incarcerated mother's objection pursuant to Louisiana Children's Code article 1194. Although the trial court felt that the adoption would be in the best interest of the child, the trial court further found that the requisite of Louisiana Children's Code article 1194 A(2) had not been proven. Louisiana Children's Code article 1194 provides, in pertinent part:
A. Notwithstanding provisions of law to the contrary, an adoption may be granted over the objection of a parent or parents incarcerated in a state or federal penal institution, following conviction of a felony which has not been appealed, or which has been affirmed at least once on appeal, when all of the following exist:
(1) The nonincarcerated parent has executed an act of surrender for adoption of the child pursuant to Title XI; the nonincarcerated parent is deceased; or the nonincarcerated parent's rights have been terminated.
(2) The incarcerated parent has not developed or maintained a significant relationship with the child.
(3) The adoption is manifestly in the best interest of the child. (Emphasis added.)
We agree with the ruling of the trial court on the failure to prove Children's Code article 1194 A(2). However, under its precise language, article 1194 does not appear to be the article applicable here. The nonincarcerated father did not meet any of the requirements of article 1194 A(1). He filed a consent to the adoption by his wife, Mrs. Dantzler, but he was alive, and had not surrendered or lost his parental rights.

CHOICE BETWEEN CHILDREN'S CODE ARTICLE 1015 AND 1245
Mrs. Dantzler asserted a second ground for the intrafamily adoption. Mrs. Dantzler cited Children's Code article 1015(4)(b) and (c), and argued that the mother had avoided parental responsibility by her failure to support the child and maintain significant contact.
The trial court believed that Children's Code article 1015 was not the appropriate article. We agree. An action for involuntary termination, based on the grounds listed in article 1015, can be brought only by the parties listed in Children's Code article 1004. See La. Ch.C. art. 1004 & 1998 Author's Notes; article 1015, 1998 Author's Notes (4). Mrs. Dantzler, the step-mother, and her husband, the father of the child, are not parties listed in article 1004.
In place of article 1015, the trial court relied on Louisiana Children's Code article 1245 D(1).[1] Children's Code article 1245 is the "mechanism in an intrafamily adoption akin to an abandonment action" found in Children's Code article 1015(4). La. Ch.C. art. 1245, Comments-1991, c. Parental consent *909 for the adoption is not necessary, if (1) the parent married to the step-parent petitioner has lawful actual custody and (2) the other parent, whose consent would be required, failed to provide court ordered support for one year. La. Ch.C. art. 1245 A & D(1). If consent is validly dispensed with, the issue becomes whether the adoption would be in the best interest of the child. La. Ch.C. art. 1255.

TERMINATION OF PARENTAL RIGHTS
The record contains no evidence of a prior criminal history before the mother's conviction. The conviction was based on non-violent acts (forgery, theft, and income tax evasion), unrelated to the child. The crimes were committed before the mother knew she was pregnant. In its written reasons for judgment, the trial court found that the father of the child had thwarted the incarcerated mother's attempts to maintain a meaningful relationship with her daughter. The father admitted that the mother had been a caring parent and the primary caregiver, before her incarceration. The trial court found no evidence of court-ordered support, and found that the mother had no means of support while incarcerated. The trial court also noted that the mother had begun participating in a work-release program, and hoped to be released in April of 1999. The trial court found that the father and step-mother had provided a good stable home, and would continue to do so, for the child's important formative years, while the mother was incarcerated. The court reviewed testimony by two experts that the adoption would be in the child's best interest. After reviewing the facts of the case, the trial court found that, under a best interest test, the adoption would be in the child's best interest. However, the trial court held that the petitioner, Mrs. Danztler, did not meet her burden of proof, by clear and convincing evidence, for termination of the mother's parental rights. Thus, the petition for adoption was denied.
Mrs. Dantzler assigned error to the trial court's failure to grant the adoption after finding that the adoption was in the child's best interest. Mrs. Dantzler argued that Children's Code article 1255 created a rebuttable presumption that the adoption by the step-mother was in the best interest of the child. Therefore, the burden was on the mother to prove the adoption was not in the child's best interest.
Children's Code article 1245 A specifically provides that "[t]he consent of a parent as required by Article 1193 may be dispensed with upon proof of the required elements of" article 1245 B, C, or D. This seemingly less restrictive language of dispensation does not change the character of the requisite precursor to adoption, the termination of parental rights. The trial court must first decide whether a parent's rights should be terminated before it determines whether an adoption would be in the best interest of the child. See La. Ch.C. art. 1001 (termination is the "first step"); art. 1193 (unless parental rights are terminated, consent is required); art. 1194 A (adoption allowed over objection of incarcerated parent, if "all" of the elements of the statute, (1), (2), and (3) are found to exist); art. 1244 (consent of parent for intrafamily adoption); art. 1245, 1998 Authors' Notes (article 1245 "permits a private party ... to seek to terminate a legal parent's rights ...."). The "protected liberty interest of natural parents in their right to the care, custody, and management of their children cannot be terminated by the state unless it supports its allegations by at least clear and convincing evidence ...." In re R.E., 94-2657, 94-2596, 94-2663, p. 3 (La.11/9/94); 645 So.2d 205, 207-08, citing Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); State ex rel. A.C., 93-1125 (La.10/17/94); 643 So.2d 743, cert. denied, A.St.P.C. v. B.C., 515 U.S. 1128, 115 S.Ct. 2291, 132 L.Ed.2d 292 (1995); see also La. Ch.C. art. 1035 & 1998 Author's Notes.
The use of dispensation or obviation of consent language cannot void or shift the *910 evidentiary burden of the private petitioner for an intrafamily adoption. The petitioner must submit clear and convincing proof of the grounds for termination. It would be absurd to require the state to meet the burden of clear and convincing proof for termination in a standard adoption case against an abusive parent, but not require the private petitioner to carry the higher burden for termination merely because the petitioner is a step-parent. Under the articles for intrafamily adoption, the threshold issue remained whether the mother's parental rights could validly be terminated under the allegations asserted by petitioner, Mrs. Dantzler.

CONCLUSION
After a thorough review of the record, we find no manifest error in the trial court's findings of fact. Nor do we find that, under the facts of this particular case, the trial court abused its discretion in its refusal to terminate the mother's parental rights. We affirm, at the cost of Tobie Judge Dantzler, petitioner for the intrafamily adoption.
AFFIRMED.
NOTES
[1] The trial court found that petitioner's contention that the mother failed to communicate was withdrawn at the time of the trial. See La. Ch.C. art. 1245 D(2).