h ARMSTRONG, J.
This is an action to terminate parental rights. The juvenile court rendered judgment terminating the parental rights of the father. The father then brought this appeal.
The petition to terminate parental rights was filed by the mother. Under the circumstances of this case, the statute authorizing the filing of a petition for termination of parental rights authorizes its filing only by the District Attorney or an attorney for the Louisiana Department of Social Services designated by the District Attorney. The law does not allow the petition to be filed by the mother. We do not decide the merits or substance of the mother’s petition but, because of the procedural requirement that the petition be filed by the District Attorney or the Department of Social Services, the mother is not the proper plaintiff and we will remand this matter to the juvenile court for further proceedings. If the mother has concerns about child custody, she has available the legal remedy of applying for a modified custody decree.[1] Also, of course, our holding in this case has no effect on |¡>the judgment giving the mother provisional custody. The child remains in the mother’s provisional custody.
The father and mother of the child in question (D.M., Jr.), were divorced in 1990. Originally, the parents were given joint custody but, in 1992, the father was made the custodial parent. The father remarried and his second wife had two minor daughters from a previous marriage. D.M., Jr., his father’s second wife, and the second wife’s two minor daughters all lived in the same household. In 1998, D.M., Jr’s father pleaded guilty to attempted rape of one of his second wife’s minor daughters. He was sentenced to 36 months in prison with credit for the time served.
The grounds for terminating parental rights are set out in Article 1015 of the Louisiana Children’s Code. One of the grounds specified in that article is certain specified misconduct, including attempted rape, toward any child in the defendant’s household (not necessarily the child with respect to whom parental rights are to be terminated).
D.M., Jr.’s mother filed the petition for termination of D.M., Jr’s father’s parental rights. The only grounds for termination pleaded in the petition was D.M., Jr.’s father’s conviction for attempted rape of his second wife’s minor daughter, who was living in the same household with D.M., Jr.’s father.
Under the Louisiana Children’s Code, only certain specified persons or entities, and then under certain specified circumstances, may file a petition for termination of parental rights. La. Children’s Code art. 1004. There are no [.■¡circumstances under which one parent may file a petition to terminate the parental rights of another parent. In the Interest of D.G.C., 96-1093 (La.App. 4 Cir. 2/26/97), 690 So.2d 237.
The attorney for D.M., Jr.’s mother filed an “Ex Parte Motion for Leave of Court to File Petition for Termination of Parental Rights”. That motion states *859 “mover meets the requirements under Children’s Code, article 1004(F) in that the petition to terminate is based upon article 1015(3) ‘Rape’ Article 1004(F) of the Children’s Code:
By special appointment for a particular case, the court or the district attorney may designate private counsel authorized to petition for the termination of parental rights of the parent of the child of on the ground of abandonment authorized by Article 1015(4).
Article 1004(F) does not mention Article 1015(3) or rape. Article 1004(F) references only Article 1015(4) and abandonment. Accordingly, the referenced article, Article 1015(4), relates solely to abandonment and not rape. Thus, private counsel may be designated pursuant to Article 1004(F), to file a petition for termination of parental rights only if the ground for termination is abandonment. The petition in the present case is not based upon abandonment.
The law is clear that D.M., Jr.’s mother has no right of action to terminate the parental rights for D.M., Jr.’s father. La. Children’s Code art. 1004; D.G.C., supra. The lack of a right of action to institute suit is properly recognized in the court of appeal. LaCode Civ.Proc. art. 927.
|4It appears that D.M., Jr.’s mother’s concern may actually be directed not to parental rights, but to child custody. Although D.M., Jr.’s father was awarded custody in 1992, in 1998 a Judgment of Provisional Custody gave provisional custody to D.M., Jr.’s mother. Presumably, this was done in light of D.M., Jr.’s father’s conviction and incarceration in 1998. D.M., Jr. is now living with and being cared for by his mother. If D.M., Jr.’s mother is concerned about issues of custody in the future, she has a clear remedy. She can go back to the court which rendered the child custody decrees and request a modification of the provisional custody decree to one of permanent custody based upon D.M., Jr.’s father’s conviction and incarceration. She can resolve any custody concerns without the state’s seeking termination of D.M., Jr.’s father’s parental rights.
Because of the lack of a right of action of the petitioner (the mother) to terminate parental rights, we must vacate the judgment below. However, rather than dismissing, we will remand for further proceedings, see D.G.C., supra, so that a substitution of a proper party plaintiff can be considered. It appears that the District Attorney would be the proper party plaintiff. La. Children’s Code art. 1004(C), (E).
In deciding whether such a substitution of parties should be effected, if sought by the District Attorney, the trial court and the District Attorney should consider the fact that the Children’s Code’s provisions for termination of parental rights appear in Title X of the Children’s Code, which title is captioned, meaningfully, “Judicial Certification of Children For Adoption” and should | ¡¡consider Article 1001, captioned “purpose”, which explains the purpose of Title X thus:
The purpose of this Title is to protect children whose parents are unwilling or unable to provide safety and care adequate to meet their physical, emotional and mental health needs, by providing a judicial process for the termination of all parental rights and responsibilities and for the certification of the child for adoption . In all proceedings, the primary concern is to secure the best interest of the child if a ground justifying termination of parental rights is proved. Termination of parental rights is to be considered the first step toward permanent placement of the child in a safe and suitable home, and if at all possible, to achieve the child’s adoption. The *860 procedural provisions of this Title shall be construed liberally. The proceedings shall be conducted expeditiously to avoid delays in resolving the status of the parent and in achieving permanency for children, (emphasis added).
The present record does not reflect that D.M., Jr. is not safe or is not receiving adequate care. D.M., Jr. lives with his mother. Also, the record does not reflect that D.M., Jr.’s mother or anyone else, is seeking to have a third party adopt D.M., Jr. Because these issues have not been developed by the parties, we will not, in this appeal, decide the applicability of Title X to the situation in the present case but will, instead, leave that issue to be considered initially upon remand.
For the foregoing reasons, we vacate the judgment of the juvenile court and remand for further proceedings.

VACATED AND REMANDED.

. Despite the caption of this case, the State is not presently a party.