870 So.2d 6 (2003)
Alfredo PADILLA, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5319.
District Court of Appeal of Florida, Second District.
July 30, 2003.
DAVIS, Judge.
Alfredo Padilla, Jr., challenges the order of the trial court denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the trial court's order in part, reverse in part, and remand for further proceedings.
*7 Padilla pleaded guilty to four counts of an information. Count one of the information charged that on August 8, 2001, Padilla trafficked in more than 200 grams but less than 400 grams of cocaine. The written sentence indicates that the trial court imposed a seven-year mandatory minimum term of imprisonment pursuant to section 893.135(1)(b)(1)(b), Florida Statutes (2001). Count two of the information charged that on August 14, 2001, Padilla trafficked in more than 400 grams but less than 150 kilograms of cocaine. The trial court imposed a fifteen-year mandatory minimum on that count pursuant to section 893.135(1)(b)(1)(c). Count three charged that from August 1 to August 14, 2001, Padilla conspired to traffic in cocaine in an amount more than twenty-eight grams. The trial court imposed a fifteen-year mandatory minimum term of imprisonment on count three. Finally, count four of the information charged that on August 14, 2001, Padilla trafficked in more than 200 grams but less than 400 grams of cocaine. The trial court imposed a seven-year mandatory minimum term of imprisonment pursuant to section 893.135(1)(b)(1)(b). All the sentences were to run concurrently.
In his motion, Padilla alleged that the mandatory minimum sentences are illegal based on our opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002). A claim that a mandatory minimum sentence was illegally imposed is cognizable in a rule 3.800(a) motion where the error is apparent on the face of the record. See Sims v. State, 838 So.2d 658 (Fla. 2d DCA 2003); Leath v. State, 805 So.2d 956 (Fla. 2d DCA 2001).
Taylor held that chapter 99-188, Laws of Florida, which provided for the imposition of mandatory minimum prison sentences for certain drug offenses, is unconstitutional because it violates the single subject rule of the Florida Constitution. In denying the motion, the trial court found that the legislature cured the single subject rule violation by reenacting the provisions originally contained in chapter 99-188 and that the reenactment was retroactive to July 1, 1999. However, in Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003), this court has since held that the reenactment of the sentencing provisions of chapter 99-188 cannot be applied retroactively because this would violate the Ex Post Facto Clauses of the United States and Florida Constitutions.
The dates of the commission of the offenses in question fall within the Taylor window. See Green, 839 So.2d at 750 n. 1. Padilla has therefore presented facially sufficient claims in regard to the offenses of trafficking in cocaine in an amount of more than 200 but less than 400 grams. See Green, 839 So.2d 748. We reverse the order of the trial court and remand for the trial court to resentence Padilla on counts one and four under the 1997 statute. See id. We certify conflict with the Fourth and Fifth District cases with which we disagreed in Green.
Padilla is not entitled to relief on his claim that the fifteen-year mandatory minimum term of imprisonment imposed pursuant to section 893.135(1)(b)(1)(c) is an illegal sentence because that section was not affected by the amendments to section 893.135 contained in chapter 99-188. See Rowe v. State, 839 So.2d 916 (Fla. 2d DCA 2003). We therefore affirm the denial of this claim.
Section 893.135(5) states:
Any person who agrees, conspires, combines, or confederates with another person to commit any act prohibited by subsection (1) commits a felony of the first degree and is punishable as if he or *8 she had actually committed such prohibited act. Nothing in this subsection shall be construed to prohibit separate convictions and sentences for a violation of this subsection and any violation of subsection (1).
Thus, the trial court could only impose a fifteen-year mandatory minimum prison sentence if the information charged Padilla with conspiring to traffic in over 400 grams of cocaine. See § 893.135(1)(b)(1)(c). However, the information that is a part of our record charged that Padilla conspired to traffic in over twenty-eight grams of cocaine. Thus the trial court could only sentence Padilla as if he had actually committed the act prohibited by section 893.135(1)(b)(1)(a). Because the offense of conspiring to traffic in more than twenty-eight grams of cocaine occurred within the Taylor window, the trial court cannot legally impose a three-year mandatory minimum. However, because it is possible that the information was amended either prior to or at the time of the plea, we reverse this portion of the trial court's order and remand for further proceedings. If the trial court again denies this claim, it shall attach those portions of the record showing that the information was amended to allow for the imposition of a fifteen-year mandatory minimum prison term. Otherwise, it shall resentence Padilla on count three in accordance with the provisions of the 1997 statute.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and CASANUEVA, JJ., Concur.