I .WILLIAMS, Judge.
The plaintiff, Jan Jumonville, appeals a judgment in favor of the defendant, W.B. Pete King (“King”). The district court granted King’s peremptory exception of prescription, dismissing Jumonville’s legal malpractice claim. For the following reasons, we affirm.
FACTS
In 1984, Jan Jumonville underwent breast implant surgery. In 1987, the right-side implant ruptured and was replaced. In 1991, the left-side implant ruptured and was replaced. In June 1994, Jumonville retained King, an attorney in Shreveport, to represent her in litigation against breast implant manufacturers, including 3M Corporation. King filed a petition for damages on her behalf against Surgitek, Bristol-Myers Squibb Company and Dow Corning Corporation in federal district court. In July 1994, the lawsuit was transferred to the Multi-District Litigation (“MDL”) division. In February 1995, King submitted Jumonville’s registration forms to the MDL Claims Administration Office. In August 1996, the MDL Claims Office sent Jumonville a notification of status. In July 1998, King referred his clients with breast implant cases to attorney J. Ransdell Keene, who assumed representation of Jumonville in her breast implant litigation.
On July 28, 1998, Keene mailed a letter to Jumonville informing her that “the only thing remaining that is open for you is to make a claim in the recently settled Dow Corning bankruptcy.” According to Ju-monville, she and her husband met with Keene in October 1999 and inquired about the status of her case against 3M Corporation (“3M”). Keene informed them that a lawsuit was never filed against 3M and as a result, such a claim had | ^prescribed. On October 11, 2000, the plaintiff, Jan Jumon-ville, filed a petition for damages against the defendant, King, alleging that he had committed malpractice by negligently failing to file an action against 3M regarding the failure of her silicon breast implants, thereby allowing her product liability claim to prescribe and depriving her of the opportunity to recover damages for her injuries. The defendant filed a peremptory exception of prescription and/or peremption.
Subsequently, the district court rendered judgment granting defendant’s exception of prescription and dismissing plaintiffs claims. Plaintiff appeals the judgment.
DISCUSSION
The plaintiff contends the district court erred in granting the defendant’s peremptory exception of prescription. Plaintiff argues that her claim did not prescribe in July 1999 because attorney *465 Keene’s letter of July 28,1998 to the plaintiff did not provide her with knowledge of possible malpractice by defendant.
LSA-R.S. 9:5605 provides in pertinent part:
A. No action for damages against any attorney at law duly admitted to practice in this state, ... whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the | ^alleged act, omission, or neglect occurred. ... The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
Prescription commences to run when a claimant knew or should have known of the existence of facts that would have enabled her to state a cause of action. The standard imposed is that of a reasonable person. Griffin v. Kinberger, 507 So.2d 821 (La.1987); Turnbull v. Thensted, 99-0025 (La.App. 4th Cir.3/1/00), 757 So.2d 145. Thus, any plaintiff who is aware of facts that would place a reasonable person on notice that malpractice may have been committed shall be held subject to commencement of prescription by virtue of such knowledge. Turnbull, supra.
The district court’s factual determinations regarding peremption and prescription should not be reversed in the absence of manifest error. The issue to be decided by the appellate court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was reasonable in light of the record as a whole. Turnbull, supra.
In her brief, plaintiff contends she did not learn of the defendant’s malpractice until October 1999, when Keene informed her that a lawsuit had not been filed against 3M. However, the evidence shows that plaintiff had signed the verification page of the June 1994 federal complaint filed against several defendants, but not against 3M. In addition, plaintiff testified in her deposition that she received the July 28, 1998 letter from Keene and acknowledged that she understood at the time that her only remaining option was to file a claim in the Dow bankruptcy proceeding. Although the |4plaintiff stated that she was “quite confused” about the status of her claim against 3M after receiving the letter, she .did not recall asking Keene why her only recourse was a claim against Dow or discussing her 3M claim with him at their first meeting.
The record in this case supports a finding that upon receipt of Keene’s July 1998 letter, the plaintiff knew or should have known of facts which would raise a question about the status of her claim against 3M and place her on notice that defendant may have committed malpractice. Thus, the district court could have reasonably concluded that the plaintiffs malpractice claim had prescribed when she failed to file an action for damages by July 1999. The assignment of error lacks merit.

*466
Peremption

Relying on Lima v. Schmidt, 595 So.2d 624 (La.1992), the plaintiff argues that because there was an ongoing and continuous attorney-client relationship between her and defendant, the three-year peremptive period of LSA-R.S. 9:5605 should not have begun running until July 1998, when defendant referred her case to Keene. However, the Louisiana Supreme Court has previously considered and rejected a similar argument.
In Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, the court stated that the “continuous representation rule” is a suspension principle based on the third application of contra non valen-tem, which suspends prescription when the debtor has acted to prevent the creditor from availing herself of her cause of action. As a suspension principle based on contra non valentem, the “continuous representation rule” cannot apply to ^peremptive periods. Reeder, supra.
LSA-R.S. 9:5605 expressly provides that the three-year period of limitation is a peremptive period within the meaning of LSA-C.C. art. 3458 and in accordance with LSA-C.C. art. 3461, may not be renounced, interrupted or suspended. Reed-er, supra. Thus, contrary to the plaintiffs argument, the “continuous representation rule” cannot suspend the peremptive statute of limitations period of LSA-R.S. 9:5605.
In his deposition testimony, attorney Keene testified that the defendant referred plaintiffs implant case to him in July 1998. Keene stated that he reviewed the file and wrote the July 28, 1998 letter advising plaintiff that given the status of her case, her only option was to proceed with a claim in the Dow bankruptcy proceeding. Keene opined that defendant breached the standard of care of an attorney who accepts a breast implant case by failing to initially name 3M as a defendant in the lawsuit, by not meeting the September and October 1994 deadlines to qualify plaintiff as a “current claimant,” by not meeting the March 1, 1995 registration deadline and by not opting out of the settlement class by the October 1996 deadline. Keene testified that defendant’s failure to opt out of the settlement reduced the value of plaintiffs case by depriving her of the opportunity to individually litigate the claim for a higher recovery.
The evidence presented indicates that the defendant’s alleged negligent acts or omissions occurred from June 1994 through October 1996. Thus, pursuant to the three-year peremptive period of LSA-R.S. 9:5605, the plaintiff was required to file her legal malpractice action by October 1999. |fiHowever, plaintiff did not file her petition for damages until October 2000, four years after the last act or omission. Consequently, the district court did not err in granting the defendant’s peremptory exception of prescription. The assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the district court’s judgment is affirmed. Costs of this appeal are assessed to the appellant, Jan Jumonville.
AFFIRMED.