STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-496


BRANDON J. MOURET

VERSUS

ROXSAN GODEAUX


**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 03-C-3286-D
HONORABLE AARON FRANK MCGEE, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, C.J., Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.


                                        AFFIRMED.


David L. Carriere
322 South Market Street
Opelousas, LA 70570
Telephone: (337) 948-6217
COUNSEL FOR:
        Defendant/Appellee - Roxsan Godeaux

Howard C. Dejean
111 North Court Street
Opelousas, LA 70570
Telephone: (337) 942-1149
COUNSEL FOR:
        Plaintiff/Appellant - Brandon J. Mouret

THIBODEAUX, Chief Judge.

Appellant, Brandon Mouret, attempted to establish his paternity of Christian Godeaux, appellee Roxsan Godeaux's child, through a Petition to Establish Filiation. Godeaux raised several exceptions, including the effect on the continued existence of Mouret's parental rights of his failure to support or contact Christian. The trial court found that Mouret's long absence from the child's life, as well as his lack of support or contribution, constituted abandonment under La.Ch.Code art. 1015, and terminated his parental rights. Mouret appeals, arguing that termination was premature without first ascertaining his biological relationship to Christian.

While we affirm the trial court's denial of Mouret's claims for relief, we do so for different reasons than those articulated in the Reasons for Judgment. We recognize on our own motion the failure of Mouret to disclose a cause of action. The Louisiana Legislature recently enacted Article 191 of the Civil Code and La.R.S. 9:395.1 pursuant to 2004 La. Acts No. 530. Louisiana Civil Code Article 191 legislatively provides for an avowal action and a two-year peremptive period to establish paternity. Section three of 2004 La. Acts No. 530 mandates prospective and retroactive application of the Act to all pending and existing claims. Mouret's petition was filed more than two years from the date of birth of the child. His claim is perempted and his cause of action is vitiated.

I.

## ISSUE

We must determine whether the avowal action asserted by Mr. Mouret is perempted and is, therefore, no longer viable as a cause of action.[1]

---

[1] Because 2004 La. Acts No. 530 was enacted during the pendency of this appeal, neither the trial court nor this court has been asked to adjudicate the constitutionality of its provisions.

1

## FACTS

Godeaux separated from her husband, Scott Matthew Matt (Matt), in 1993. On March 9, 2001, Godeaux's petition for divorce was granted. On July 18, 2001, Godeaux gave birth to a son, Christian. Because she had had a relationship with Mouret, it was possible that Mouret was the biological father of the child. Since the child was born within three hundred days of the dissolution of her marriage, Matt is considered the legal father of Christian. La.Civ.Code art. 185.

Mouret visited Godeaux and the child on a few occasions in the first two to three months immediately after the birth. During one of these visits, Mouret surreptitiously obtained biological samples from the child and had them tested to determine if he was, in fact, the father. Mouret received the test results on October 5, 2001. While the results were not admitted as evidence of paternity, they purport to show that Mouret is the biological father of the child. After receiving the test results, however, Mouret vanished from St. Landry Parish and broke all contact with both Godeaux and Christian. He also wrote a letter to a friend in which he indicated he was contemplating "skip[p]ing out on the next eighteen years on someone that's a part of me." The letter was dated October 14, 2001, just after Mouret received the DNA test results. Twenty-one months passed, during which Godeaux and Matt resumed living together as a family in the spring of 2003. Together, they are raising two children, including Christian.

On July 30, 2003, Mouret filed a Motion for Joint Custody and Visitation. In response to Godeaux's exceptions to his Motion, Mouret filed a Petition to Establish Filiation, seeking to be declared the biological father of Christian and naming both Godeaux and Matt as defendants. On November 7, the trial court heard oral arguments from both sides regarding Godeaux's exceptions to the Motion

for Joint Custody and Visitation and the Petition to Establish Filiation. The court rendered its judgment on December 16, 2003, and ordered termination of Mouret's parental rights. Mouret now appeals the judgment.

III.

**LAW AND DISCUSSION**

Although Mouret's pleading at issue here was styled as a "Petition to Establish Filiation," the proper proceeding should be an action for avowal. An action for filiation belongs to the child, while an action for avowal belongs to the parent. La.Civ.Code arts. 193-197. Because Mouret's petition makes clear, however, that his intention is to bring an avowal action, we interpret his petition as an avowal action. Not only does the brief for Godeaux concede as much, but La.Code Civ.P. art. 865 requires us to construe each pleading so as to do substantial justice. *Mason v. Kansas City S. Ry. Co.*, 00-208 (La.App. 5 Cir. 9/26/00), 769 So.2d 1249. Additionally, La.Code Civ.P. art. 854 states that no technical form is required for pleadings. The substance of Mouret's action relates to avowal, and we construe it as such.

In its Reasons for Judgment on Mouret's petition to establish his parental rights in relation to Christian, the trial court declined to consider Godeaux's exceptions relating to whether Mouret lost his right to assert an avowal action because of his delay in time. The court considered only Godeaux's arguments relating to termination of Mouret's parental rights on grounds of abandonment.

Louisiana Children's Code Article 1015(4) permits termination of parental rights where a parent has abandoned a child. The court found that Mouret had made no significant contributions to Christian's care and support, and had failed to maintain significant contact with Christian for six consecutive months. Under La.Ch.Code arts. 1015(4)(b) and (c), this constitutes abandonment by the parent, and

3

the trial court terminated Mouret's parental rights. The Louisiana Children's Code, however, makes abundantly clear that only the State or an authorized State official may institute termination proceedings. La.Ch.Code art. 1004. There is no private right of action to terminate another parent's parental rights, and "[t]here are no circumstances under which one parent may file a petition to terminate the parental rights of another parent." *State ex rel D.M.*, 00-451, pp. 2-3 (La.App. 4 Cir. 3/14/01), 785 So.2d 857, 858.

Furthermore, these procedural requirements are not flexible. Courts have widely acknowledged the sanctity of parental rights, stating that "[p]arental rights to the care, custody, and management of children is a fundamental liberty interest warranting great deference and vigilant protection under the law." *State ex rel. A.C.H.*, 02-1014, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 791, 794, *writ denied*, 03-566 (La. 3/14/03), 839 So.2d 50 (quotation omitted). Thus, termination of parental rights "is one of the most drastic actions the State can take against its citizens." *State ex rel. J.A.*, 99-2905, p. 9 (La. 1/12/00), 752 So.2d 806, 811. As a result, the Louisiana legislature "has imposed strict procedural and evidentiary requirements that must be met before the issuance of a judgment terminating parental rights." *State ex rel. E.C.*, 99-629, p. 5 (La.App. 1 Cir. 6/25/99), 739 So.2d 318, 321; *A.C.H.*, 846 So.2d 791.

In this case, the trial court did not follow the proper procedures for termination under La.Ch.Code art. 1004. The State, through the District Attorney or the Department, did not petition for termination, nor did the court on its own motion order the filing of such a petition. Finally, neither the court nor the District Attorney authorized a special private counsel to bring such a petition. Rather, the court based its termination of Mouret's parental rights on an exception raised in Godeaux's brief.

4

This contravenes the strict procedural requirements of termination proceedings, implemented by the legislature to safeguard parental rights.

Ms. Godeaux has filed a Motion to Dismiss the Appeal. This appeal is untimely, she asserts, because La.Ch.Code art. 332 provides for a fifteen-day appeal delay from the signing of a judgment or from mailing a notice of the judgment in a termination of parental rights proceeding. Mouret waited more than fifteen days before filing his appeal. Because we have concluded that this is an improper procedure for terminating parental rights, the provisions of the Children's Code are not implicated. We, therefore, deny Ms. Godeaux's motion.

The Louisiana Civil Code did not previously provide a statutory means by which a biological father may recognize his illegitimate child. Therefore, courts created the avowal action. This judicially created cause of action enabled "biological fathers [to] establish their paternity of their illegitimate children." *Bolden v. Rodgers*, 99-417, p. 7 (La.App. 5 Cir. 9/28/99), 746 So.2d 88, 92; *Mason*, 769 So.2d 1249; *T.D. v. M.M.M.*, 98-167 (La. 3/2/99), 730 So.2d 873. Biological fathers "have a right of action to establish their paternity to children born during the mother's marriage to another man despite the statutory presumption of the husband's paternity." *Smith v. Jones*, 566 So.2d 408, 411 (La.App. 1 Cir.), *writ denied*, 569 So.2d 981 (La.1990), citing *Finnerty v. Boyett*, 469 So.2d 287 (La.App. 2 Cir. 1985); *Smith v. Cole*, 553 So.2d 847 (La.1989); *T.D. v. M.M.M.*, 730 So.2d 873; *Bolden*, 746 So.2d 88. Thus, a biological father could assert an avowal action despite the presumption of Article 184 that the mother's husband is the father of all children born or conceived during the marriage. This created the potential of "dual paternity," where the mother's husband is the child's legal father, but the biological father may also assert some parental rights. *Bolden*, 746 So.2d 88. Thus, an alleged biological father such as

Mouret had the right to assert an avowal action to obtain some parental rights in relation to Christian, even though Matt is the legal father.

The recently enacted legislation, Civil Code Article 191, elevates the judicially-created avowal action to law. Section 1 of the new article permits a man to "establish his paternity of a child presumed to be the child of another man even though the presumption has not been rebutted." Thus, a man in the position in which Mouret found himself after Christian's birth may now rely on this statute to establish paternity. Furthermore, Article 191 eliminates the necessity of weighing the father's commitment to involving himself in his child's future against the length and reason for his delay in bringing the avowal action in favor of a statutory peremptive period of two years from the child's birth. Section 1 states that the avowal action "shall be instituted within two years from the date of birth of the child." The article provides an exception only where the mother has "in bad faith deceive[d] the father of the child regarding his paternity." Finally, the legislation provides for retroactive application of this two year peremptory period to all pending and existing claims. La.Civ.Code art. 191(3).

Article 191 creates a peremption period, rather than a prescription period, in which a biological father may exercise his right. Louisiana Civil Code Article 3458 defines peremption as a "period of time fixed by law for the existence of a right." The right ceases to exist at the end of the peremption period. In contrast to prescription, which terminates the ability to enforce the right but permits the continued existence of the right, peremption destroys the underlying legal right if it is not timely exercised. *Dufrene v. Video Co-Op*, 02-1147 (La. 4/9/03), 843 So.2d 1066. Moreover, a peremption period may not be suspended or interrupted. La.Civ.Code art. 3461; *Jumonville v. King*, 38,235 (La.App. 2 Cir. 4/7/04), 870 So.2d

462. Thus, if a biological father does not bring an avowal action within two years after the birth of the child, his right to bring such an action ceases to exist.

An appellate court has that authority to raise an exception of no cause of action on its own motion. La.Code Civ.P. art. 927. When considering a cause of action, we look to the averments of the petition and accept them as true. La.Code Civ.P. art 931; *Gibson v. State*, 03-1112 (La.App. 5 Cir. 2/10/04), 866 So.2d 375. The court's purpose is to determine whether, on the face of the petition, the plaintiff is entitled to the relief sought. *Gibson*, 866 So.2d 375.

The petitions yield sufficient evidence to resolve whether or not Mouret has a valid cause of action. Christian, the child Mouret claims to be his own, was born on July 18, 2001. Mouret first initiated legal action in pursuance of establishing paternity on July 30, 2003, when he filed a Motion for Joint Custody and Visitation. Next, in response to Godeaux's exceptions, Mouret filed a Petition to Establish Filiation on October 2, 2003.

Although neither of Mouret's actions to assert paternity are an avowal action as such, we understand that this litigation was in substance an avowal action. Even assuming his earliest petition, the Motion for Joint Custody, represents an avowal action, however, it is still untimely. The legislation specifically provides for retroactive application to both pending and existing claims. La.Civ.Code art. 191(3). Thus, Mouret filed both his actions outside of the two-year peremption period in which a putative biological father may bring an avowal action. By effect of peremption, Mouret's cause of action is extinguished.[2]

_____

[2]Although Article 191 contains a limited exception for circumstances in which the child's mother has misled the father regarding paternity, there is no evidence that Ms. Godeaux concealed information about Christian from Mr. Mouret. Rather, Mr. Mouret deliberately chose not to pursue information he himself obtained about his possible biological relationship with Christian. Additionally, Mr. Mouret does not suggest that Ms. Godeaux is responsible for his failure to contact or bond with Christian. The record does not indicate that she hampered his attempts to visit with the child, nor does it suggest she actively or passively created a misimpression about the child's

IV.

**<u>CONCLUSION</u>**

For the above reasons, the judgment of the trial court is affirmed. The avowal action asserted by appellant, Brandon Mouret, is no longer a viable cause of action because it was asserted more than two years after the birth of the minor child, Christian Godeaux. Costs of appeal are assessed to appellant Brandon Mouret.

**AFFIRMED.**

---

paternity.