PER CURIAM.
Stephen M. Martens appeals the post-conviction court’s order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without comment the court’s denial of claims two and three and reverse the court’s denial of claim one.
In circuit court case number 79-03760, Martens pleaded guilty to one count of robbery and the trial court sentenced him to life with a twenty-five-year mandatory minimum. Martens did not appeal. In claim one of his motion, Martens alleged that his sentence for the robbery charge violated section 775.082(3), Florida Statutes (1977), because the twenty-five-year mandatory minimum exceeded the maximum penalty allowed by law.
Martens is correct. Section 775.082(3), under which Martens’ robbery sentence was imposed, does not authorize a mandatory minimum sentence. A post-conviction “claim that a mandatory minimum sentence was illegally imposed is cognizable.” Padilla v. State, 870 So.2d 6, 7 (Fla. 2d DCA 2003), quashed on other grounds by State v. Herndon, 894 So.2d 966 (Fla.2005).
We therefore reverse the postconviction court’s denial of claim one with respect to circuit court case number 79-03760 and remand with directions that the twenty-five-year mandatory minimum sentence for the robbery conviction be stricken.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT, KELLY, and CANADY, JJ., Concur.