STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-1310

IN THE INTEREST OF H. R. K.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. JC-2006-0639-I
HONORABLE THOMAS DUPLANTIER, DISTRICT JUDGE
**********

**GLENN B. GREMILLION**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Glenn B. Gremillion, Judges.

**AFFIRMED ON DIFFERENT GROUNDS.**

**Ann D. Latour**
**405 West Main Street**
**Lafayette, LA 70501**
**(337) 235-3878**
**Counsel for Plaintiff/Appellant:**
     **J. H. K.**

**Lloyd Dangerfield**
**703 E. University Avenue**
**Lafayette, LA 70503**
**(337) 232-7041**
**Counsel for Defendant/Appellee:**
     **J. M. K.**

**Allyson Prejean**
**P. O. Box 3862**
**Lafayette, LA 70502**
**(337) 288-4028**
**Counsel for Defendant/Appellee:**
**H. R. K.**

GREMILLION, Judge.

In this case, the plaintiff, J.H.K., appeals the judgment of the trial court denying her abandonment action which sought to terminate the parental rights of the defendant, J.M.K. For the following reasons, we affirm but on different grounds.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

The minor child, H.R.K., was born July 13, 2003, during the pendency of the marriage of J.M.K. and J.H.K., which terminated August 18, 2005. A March 10, 2005 consent judgment awarded joint custody of H.R.K. with J.H.K. being named the domiciliary parent. J.M.K. was ordered to pay child support in the amount of $481.50 per month. In June 2006, J.H.K. file an application for leave of court to file abandonment proceedings pursuant to La.Ch.Code art. 1004(F) urging that J.M.K. had failed to provide significant contributions to the child's care and support for the previous thirteen months and failed to maintain significant contact with the child by not visiting him within the previous eight months. Following a hearing on October 24, 2006, the trial court denied the application for leave of court to file abandonment proceedings. J.H.K. now appeals.

## ISSUES

J.H.K. assigns as error:

1. The trial court's conclusion that a private attorney has no authority to petition for abandonment.

2. The trial court's denial of her abandonment action.

J.H.K. further urges that we should review the record de novo and correct the legal

_____

[1]Pursuant to Uniform Rules—Courts of Appeal, Rule 5-2, we use initials throughout this opinion to protect the minor's identity.

error on appeal without remand to the trial court.

## DISCUSSION

Appellate review of a question of law is simply a decision as to whether the trial court's decision is legally correct or incorrect. *Jim Walter Homes, Inc. v. Jessen*, 98-1685 (La.App. 3 Cir. 3/31/99), 732 So.2d 699. If the trial court's decision was based on its erroneous application of law, its decision is not entitled to deference by the reviewing court. *Kem Search, Inc. v. Sheffield*, 434 So.2d 1067 (La.1983). When an appellate court finds that a reversible error of law was made in the lower court, it must redetermine the facts de novo from the entire record and render a judgment on the merits. *Lasha v. Olin Corp.*, 625 So.2d 1002 (La.1993).

Louisiana Children's Code Article 1004(F) states:

> By special appointment for a particular case, the court or the district attorney may designate private counsel authorized to petition for the termination of parental rights of the parent of the child on the ground of abandonment authorized by Article 1015(4).

The record reveals that in June 2006, the district attorney for the Fifteenth Judicial District Court, Michael Harson, signed an affidavit authorizing and appointing counsel to petition for the termination of J.M.K.'s rights. Thereafter, the trial court signed a motion and order to appoint private counsel pursuant to Article 1004(F) to petition for the termination of parental rights on the ground of abandonment, as authorized by La.Ch.Code art. 1015(4)(b) and (c). However, at the beginning of the hearing on the motion, it was clear that this was the first time that a private party had ever filed a petition for termination of parental rights in the trial court.

At the conclusion of the trial, the trial court stated:

2

Have you proven to me that this gentlemen, for a great deal of his life has been a bad dad? You have. And if that's what the Court of Appeals says you're entitled to terminate a parental right for, then so be it. My problem is that I handle terminations once a month, and I handle it filed by the state, the real state District Attorney, and there's a long process. There is an in-depth process by which the state actively pursues a case plan. And we often have drug addicts involved. And many times they work their case plan and are able to be reunited.

Is this going to happen in this case? I don't know. I don't have a crystal ball. But I do know that with regards to the termination of parental rights it is a finite thing that never gives an individual a right to prove that he can correct his problem or problems in parenting. And I just don't think that the procedure employed, in my mind—and again, I may be absolutely wrong. But having done these things, I think that it just takes more to terminate a parental right than it does to do many of the other things, to keep someone out of a child's life. And based on that, the Court is going to deny your request at this time.

This case presents an interesting issue of law and, that is, whether an individual can petition to terminate, via special authority of the district attorney or of the court, another person's parental rights. It appears from a plain reading of the legislature's statutes that one does have the right to do so. However, as the trial court pointed out, this is a procedure that has historically been undertaken by the state and which involves lengthy and detailed procedural measures to ensure that every step has been taken before terminating parental rights.

Courts have widely acknowledged the sanctity of parental rights, stating that "[p]arental rights to the care, custody, and management of children is a fundamental liberty interest warranting great deference and vigilant protection under the law." Thus, termination of parental rights "is one of the most drastic actions the State can take against its citizens." As a result, the Louisiana legislature "has imposed strict procedural and evidentiary requirements that must be met before the issuance of a judgment terminating parental rights."

*Mouret v. Godeaux*, 04-496, p. 4 (La.App. 3 Cir. 11/10/04), 886 So.2d 1217, 1220

(citations omitted).

3

Nevertheless, according to Article 1004(F), the legislature has clearly provided that private counsel can be appointed to petition for termination based on abandonment. The grounds warranting involuntary termination based on abandonment of a child are found in La.Ch.Code art. 1015(4)(b) and (c), which states:

> (4) Abandonment of the child by placing him in the physical custody of a nonparent, or the department, or by otherwise leaving him under circumstances demonstrating an intention to permanently avoid parental responsibility by any of the following:

> . . . .

> (b) As of the time the petition is filed, the parent has failed to provide significant contributions to the child's care and support for any period of six consecutive months.

> (c) As of the time the petition is filed, the parent has failed to maintain significant contact with the child by visiting him or communicating with him for any period of six connective months.

The burden of proof is on the petitioner who must establish "each element of a ground for termination of parental rights by clear and convincing evidence." La.Ch.Code art. 1035. Of paramount concern in any case involving the termination of parental rights, is the best interest of the child. La.Ch.Code art. 1039.

A parent does have affirmative defenses available to him to rebut the claim of abandonment, namely, "a mental or physical disability," which he must prove by a preponderance of the evidence. La.Ch.Code art. 1035.

Although we find that the trial court erred as a matter of law in not finding that specially appointed private counsel can pursue a termination of parental rights due to abandonment, we still find, based on the statements of the trial court, that the motion for leave to file abandonment proceedings was properly denied. Based on the statements made by the trial court and our own review of the record, we find no

4

error in the trial court's finding on the ground that it would not be in the best interest of the minor child, at this time, to terminate J.M.K.'s parental rights.

Based on the trial court's comments and our own review of the record, we find that the trial court believed that it did not have sufficient evidence to determine if termination was in the child's best interests. Unlike in a state prosecuted case where there is a significant and lengthy history of the parent's behavior, there was no such evidence in this case. Clearly, J.M.K. had shirked his parental responsibilities by failing to pay child support or visit his son; however, without any further evidence to suggest that he is not working on his current problems and working to be a better parent, we cannot say that it was in H.R.K.'s best interest for J.M.K.'s rights to be terminated. J.M.K. admitted that he had a drug problem and was currently in jail at the time of the hearing. However, he testified that he had completed a treatment program for his drug addiction. Moreover, it is clear that far worse parental behavior is not grounds for such speedy termination when the state is pursuing the matter. To deem it so when a private specially appointed individual is pursuing the matter seems to contravene the ideal that the termination of parental rights is not to be taken lightly. Furthermore, there was uncontroverted evidence at trial that the child had a substantial and beneficial relationship with J.M.K.'s family. Based on these facts, we find the trial court could have reasonably found that termination was not currently in the child's best interests. Accordingly, we find no error in the trial court's denial of the motion for leave to file abandonment proceedings.

**CONCLUSION**

The judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiff-appellant, J.H.K.

**AFFIRMED ON DIFFERENT GROUNDS.**