DREW, J.
|TThe issue in this litigation is whether an attorney representing the mother may be appointed by the trial court to bring an action to terminate the father’s parental rights. The mother obtained an ex parte order appointing her own attorney as special counsel to file the petition to terminate the father’s parental rights to the two minor children.
The father responded with a peremptory exception of no right of action, which was overruled by the trial court on October 9, 2007. On the father’s writ application, this court granted and docketed the matter for a ruling. We reverse the trial court’s decision overruling the father’s exception of no right of action. We further sustain the exception and vacate the order appointing the mother’s attorney to seek termination of the father’s parental rights. The matter is remanded for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
During their marriage, the couple had two children, T.E.R. (DOB 8/5/00) and S.J.R. (DOB 2/7/08). Divorced in Bossier Parish on October 7, 2004, the parents were granted joint custody and the mother was named domiciliary parent with the father granted reasonable visitation. As of June 1, 2004, the father was ordered to pay $1,150.76 per month in child support.
In a consent judgment signed on May 5, 2005, the father’s child support was reduced to $850.00 per month, and he was directed to pay an arrearage of $2,513.91 with his income tax refund plus $75.00 per month. That judgment set a specific visitation schedule and ordered the father to attend six counseling sessions in six months. According to the mother, the father was ordered to attend counseling due to his violence toward the | gmother during the marriage and after their divorce. She also alleged that the father has not paid child support since August 2006 when he left the military and has not made payments on the arrears.
The mother remarried on October 28, 2006, and her present husband is seeking an intrafamily adoption of the two children, both of whom have lived with him and the mother since the mother remarried. That action is pending in Caddo Parish where the stepfather, the mother and the two children reside.
On September 21, 2007, the mother filed a petition seeking termination of the father’s parental rights. Alleging that the father failed to comply with the visitation, counseling and support judgment, the mother asserted that since the father failed to make the court-ordered child support payments for more than six months, his parental rights should be terminated under La. Ch. C. art. 1015(4). According to the mother, the father failed to provide support by money, clothes, or food for the children since August 2006.
In addition, the mother alleged that the father had no contact with his children when he served in Iraq from August 4, 2005, until January 2006. The father returned to this country in April 2006. From August 2005 until June 2006, the father failed to contact his children. In June 2006, the father was permitted phone contact with the older child and had weekly phone conversations until April 2007 when all contact ceased. Finally, the mother alleged that the father was arrested and incarcerated as a result of violence toward his present wife.
| oAlso on September 21, 2007, the trial court signed the order granting the mother’s request that her attorney be appointed as special counsel under La. Ch. C. art. 1004(F) to prosecute the termination of the father’s parental rights. On October 8, *665 2007, an amended petition to terminate the father’s parental rights was filed with the mother’s attorney (the special counsel appointed by the court) as petitioner.
Asserting that no private action exists for one parent to seek termination of the other parent’s parental rights, the father filed an exception of no right of action. On October 8, 2007, the trial court conducted a hearing on the father’s peremptory exception.
The mother’s attorney argued that she was properly appointed special counsel to pursue the termination in Bossier Parish where all the divorce, custody and support matters had been litigated and where the father resided. In addition, the mother’s counsel informed the court that pending in Caddo Parish was an action by the mother’s husband for an intrafamily adoption in which the father’s consent was not necessary. No evidence was submitted to the court and the trial court overruled the father’s exception. The father sought a reversal of that decision in his writ application to this court.
DISCUSSION
The function of the peremptory exception is to have a plaintiffs action declared legally nonexistent or barred by effect of law. La. C.C.P. art. 923. Peremptory exceptions include the exception of no right of action or no interest in the plaintiff to bring the suit. La. C.C.P. art. 927.
|4The resolution of an exception of no right of action is a question of law. The appellate court makes a de novo review of the ruling on the exception. Evidence is admissible on trial of an exception of no right of action in order to determine whether the plaintiff is legally invested with the right to stand in judgment. Waggoner v. America First Ins., 42,863 (La.App.2d Cir.1/16/08), 976 So.2d 110.
La. Ch. C. art. 1004, entitled Petition for Termination of Parental Rights; Authorization to File, states:
A. At any time, including in any hearing in a child in need of care proceeding, the court on its own motion may order the filing of a petition on any ground authorized by Article 1015.
B. Counsel appointed for the child pursuant to Article 607 may petition for the termination of parental rights of the parent of the child if the petition alleges a ground authorized by Article 1015(4), (5), or (6) and, although eighteen months have elapsed since the date of the child’s adjudication as a child in need of care, no petition has been filed by the district attorney or the department.
C. The district attorney may petition for the termination of parental rights of the parent of the child on any ground authorized by Article 1015.
D. The department may petition for the termination of parental rights of the parent of the child when any of the following apply:
(1) The child has been subjected to abuse or neglect after the child is returned to the parent’s care and custody while under department supervision, and termination is authorized by Article 1015(3)(j).
(2) The parent’s parental rights to one or more of the child’s siblings have been terminated due to neglect or abuse and prior attempts to rehabilitate the parent have been unsuccessful, and termination is authorized by Article 1015(3)(k).
(3) The child has been abandoned and termination is authorized by Article 1015(4).
(4) The child has been placed in the custody of the state and termination is authorized by Article 1015(5).
*666 (5) The child is in foster care because the parent is incarcerated and termination is authorized by Article 1015(6).
IsE. When termination is authorized by Article 1015, other than on the grounds specified by Paragraph D of this Article, by special appointment, the district attorney may designate counsel for the department as a special assistant authorized to act in his stead in all such termination actions or in a particular case.
F. By special appointment for a particular case, the court or the district attorney may designate private counsel authorized to petition for the termination of parental rights of the parent of the child on the ground of abandonment authorized by Article 1015(4).
G. Foster parents who intend to adopt the child may petition for the termination of parental rights of the foster child’s parents when, in accordance with Article 702(D), adoption is the permanent plan for the child, the child has been in state custody under the foster parent’s care for seventeen of the last twenty-two months, and the department has failed to petition for such termination.
H. When termination is authorized by Article 1015(1) or (2) and no petition is filed to terminate the parental rights of the surviving parent pursuant to Paragraph A, C, or E of this Article after a written request to file such action is made to the district attorney by any interested person and no petition is filed within sixty days by the district attorney, that person may file suit to terminate the parental rights of the surviving parent.
The grounds for termination of parental rights are contained in La. Ch. C. art. 1015, the pertinent parts of which state:
The grounds for termination of parental rights are:
(4) Abandonment of the child by placing him in the physical custody of a nonparent, or the department, or by otherwise leaving him under circumstances demonstrating an intention to permanently avoid parental responsibility by any of the following:
(b) As of the time the petition is filed, the parent has failed to provide significant contributions to the child’s care and support for any period of six consecutive months.
(c) As of the time the petition is filed, the parent has failed to maintain significant contact with the child by visiting him or communicating with him for any period of six consecutive months.
|fiThe comments under La. Ch. C. art. 1004 explain that the sources of this law were La. R.S. 9:403(B) and 13:1601. Under those provisions, a private individual was not authorized to file a termination of parental rights petition. La. R.S. 13:1601. Yet, an abandonment action could be initiated by affidavit by a “private individual” with leave of court under a former version of La. R.S. 9:403(B). That apparent conflict is balanced in La. Ch. C. art. 1004(B), which requires court approval in the form of a court order before an action seeking termination of parental rights is filed on any ground by anyone other than a representative of the district attorney or the department.
In a 2004 amendment, the comments to La. Ch. C. art. 1004 note that the article was a substantial revision and emphasized that the court has the primary authority and responsibility to oversee the initiation of termination of parental rights actions.
Paragraph F clarifies the fact that the court, as well as the district attorney, may authorize private counsel to initiate *667 a termination case based on the ground of abandonment. After such authorization by the district attorney, the district attorney has no supervisory responsibility for the representation of a private party petitioner by his counsel.
Comment to La. Ch. C. Art. 1004.
In S.J.G. v. A.A.G., 2007-0625 (La.App. 1st Cir.9/19/07), 970 So.2d 1022, the court stated that the Louisiana Children’s Code mandates that only the State or an authorized State official may institute an action to terminate parental rights. “There is no private right of action to terminate another parent’s parental rights, and there are no circumstances under which one parent may file a petition to terminate the parental rights of another 17parent.” 970 So.2d at p. 1027. In S.J.G., supra, a judgment terminating one parent’s parental rights was set aside because the other parent filed for the termination and the “strict procedural requirements” in La. Ch. C. art. 1004 were not met; ie., neither the court nor the District Attorney authorized a special private counsel to bring the termination petition. S.J.G., supra.
Furthermore, these procedural requirements are not flexible. Courts have widely acknowledged the sanctity of parental rights, stating that “[pjaren-tal rights to the care, custody, and management of children is a fundamental liberty interest warranting great deference and vigilant protection under the law.” Thus, termination of parental rights is “one of the most drastic actions the State can take against its citizens.” As a result, the Louisiana legislature “has imposed strict procedural and evi-dentiary requirements that must be met before the issuance of a judgment terminating parental rights.”
970 So.2d at 1027 (citations omitted).
The father seeks to have set aside the appointment of his wife’s counsel as special counsel to terminate his parental rights. His argument is that the provision allowing appointment of private counsel, La. Ch. C. art. 1004(F), does not permit the mother’s lawyer to be appointed because that appointment is tantamount to permitting a private cause of action by the his ex-wife to terminate his parental rights to the children of the marriage.
In Mouret v. Godeaux, 04-496 (La.App. 3d Cir.11/10/04), 886 So.2d 1217, the father’s suit to establish his paternity and to avow his child was opposed with the mother’s assertion of abandonment. The trial court terminated the father’s parental rights. That result was affirmed on appeal because the appellate court concluded that the avowal action was perempted. However, concerning the termination based upon abandonment, |sthe appellate court criticized the decision to terminate the father’s parental rights because only the State or an authorized State official may institute termination proceedings. The strict evidentiary and procedural requirements for a termination had not been met.
The supreme court in In re K.G. and T.G., 2002-2886, 2002-2892 (La.3/18/03), 841 So.2d 759, found the grounds for termination were not proved by clear and convincing evidence that the father knew the child was abused by the mother who actively and intentionally hid the abuse from him. The father directs this court’s attention to the language that a parent’s fundamental liberty interest to continuing care and custody of his/her child is entitled to great deference and vigilant protection by law. Therefore, due process requires that fundamentally fair procedures be followed when the state seeks to terminate parental rights. Justice Victory also pointed out that the child has a profound interest in a establishing secure and continuous relationship in a home with proper *668 parental care. In termination proceedings, the primary concern of the courts and the State is the best interest of the child including termination of parental rights if justifiable grounds are proved.
The mother correctly argues that none of the cases cited by the father are factually the same as the present dispute. She cites State ex rel. D.M., 2000-0451 (La. App. 4th Cir.3/14/01), 785 So.2d 857, as supporting her view that private counsel can bring an action for termination based upon abandonment under La. Ch. C. art. 1004(F). The trial court judgment terminating the father’s parental rights was set aside. The mother sued to |aterminate based upon the father’s conviction for rape of another minor child living in the father’s household. The court observed that private counsel may be designated to bring a termination action only under La. Ch. C. art. 1004(F) based upon abandonment. Like the cases cited by the father, D.M., supra, is not factually the same. The DM. court also noted that the mother could address custody concerns without termination of the father’s parental rights. In the present dispute, counsel for the mother acknowledged in brief and in argument that her client could proceed with the intrafamily adoption without this father’s consent and without termination of his parental rights.
We recognize that the language in La. Ch. C. art. 1004(F) permitting appointment of private counsel to bring termination actions based upon abandonment does not prohibit the appointment of one of the parent’s counsel to seek termination of the other parent’s parental rights. Neither does it authorize such an appointment.
This court makes no conclusions whatsoever as to the merits of the mother’s efforts to seek termination of this father’s parental rights. This record indicates that the mother, her counsel, and the trial court acted in complete good faith relying on their interpretation of the statutes. The merits of the mother’s petition to terminate the father’s parental rights, and of the pending intrafamily adoption by her current husband, are simply not before us.
We observe that permitting a mother to seek termination of the father’s parental rights even indirectly through appointment of her counsel as special prosecutor amounts to giving the mother the right to prosecute |inthat action. The best interests of a parent seeking termination may not be the same as the best interests of the children. To permit the appointment of the lawyer representing one parent who wants to terminate the parental rights of the other parent creates an unnecessary and potentially serious conflict of interest.
Because termination of parental rights is recognized as one of the most drastic actions a state can take against a citizen, we rely on previous interpretations of the laws on termination stating there is no private right of action to terminate another parent’s parental rights, and there are no circumstances under which one parent may file a petition to terminate the parental rights of another parent. Absent a clear indication from the Louisiana Legislature that one parent may seek to revoke the parental rights of the other parent by appointment of the revoking parent’s personal attorney, we decline to do so.
DECREE
Based on our de novo review, we sustain the father’s exception of no right of action and vacate the order appointing the mother’s attorney to seek termination of the father’s parental rights. The judgment is reversed and matter is remanded for further proceedings.
REVERSED AND REMANDED.