WINDHORST, J.,
dissents with reasons.
hi respectfully dissent, disagreeing "with the majority opinion insofar as it finds error in the trial court’s judgment overruling the exception of no right of action.
The majority reverses the trial judge for overruling appellant’s exception of no right of action. The inescapable threshold issue which the majority opinion acknowledges, but fails to adequately address, is in footnote 8 of the majority opinion:
8 T.T. did not rely upon La. Ch.C. art. 1004 in support of her exception of no right of action filed in the juvenile court on March 7, 2014. The longstanding rule of law is that appellate courts will not consider issues raised for the first time on appeal, which are *405 not pleaded in the court below, and which the trial court has not addressed. First Bank & Trust v. Bayou Land & Marine Contrs., 12-295 (La.App. 5 Cir. 10/30/12), 103 So.3d 1148, 1152. However, “[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.” La. C.C.P. art. 2164. Official Revision Comment (a) of this article states: “The purpose of this article is to give the appellate court complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court below.” Accordingly, we address T.T.’s argument raised in her second assignment of error. [Emphasis added.]
By failing to raise issues under La. Ch.C. art. 1004 in the trial court, appellants have clearly waived those issues now. It is one of the most fundamental rules of the appellate process that a court of appeal cannot review (much less reverse) the action of a trial court on an issue that was not raised in the trial court. The absence of the issue in the trial court leaves nothing to be reviewed. Further, an issue, contention, or theory raised for the first time on appeal and not raised and argued to the trial, court deprives the trial judge and opposing counsel the opportunity to address the issue, band if needed, take appropriately corrective action. Thus, the issues raised by the second assignment of error are not properly before this court.
Furthermore, La. C.C.P. art. 934 provides that when the grounds for a peremptory exception — in this case, no right of action — may be removed by amending the petition, the judgment sustaining the exception shall order amendment within the time ordered by the court. While I am convinced that the trial judge acted properly, the objection raised by the exception could have been removed by amending the petition to provide for an alternative basis or origin permitted by La. Ch.C. art. 1004. However, the specific objection upon which the majority focuses was not raised in the trial court.
In order to reach the issues raised by the second assignment of error, the majority relies on La. C.C.P. art. 2164. However, reversing on the basis of an argument not made to the trial court is neither just nor legal, especially in view of the record which well establishes that the best interest of the child is served by the termination and adoption for the extensive and thorough written reasons for judgment by the trial court, and on grounds which, in my opinion, are purely technical.
I further disagree with the majority’s conclusion which finds that appellees did not have a right of action as a result of the procedural history of this case. As stated by the majority, there are specific concerns present in cases involving the involuntary termination of parental rights. However, the one primary concern has always been the “best interests” of the child, and this interest is paramount over that of the parent.
La. Ch.C. art. 1004(A) allows the court to order the filing of a petition to terminate parental rights. La. Ch.C. art. 1004(F) allows the juvenile court to designate private counsel to petition for termination of parental rights. Here, the petition was filed one week prior to the request for authorization to | afile the petition and the court’s designation of counsel. Thus, the trial court authorized the original petition, rather than ordering the refiling of the original petition. Contrary to the arguments of the majority, I do not believe that the petition is any less appropriate because it was filed prior to the order of filing. While the majority contends that the court did not act on *406 “its own motion,” since the proceedings were already pending, one can presume that the court sanctioned the filing of the petition, as it could have denied the motion, and dismissed the proceedings had it concluded that they were not appropriate. Again, had this issue been raised in the trial court, it could have been addressed and corrective action taken if the court deemed necessary. Given the clearly stated principle that the paramount interest is the best interest of the child, this principle overrides formalities when the spirit of the provisions of the Children’s Code have been met, as in this case.
The majority opinion makes much of the fact that these termination proceedings undermine the “best interests of the child.” The majority first contends, that appointment of the appellees’ counsel creates a conflict because appellees have a personal interest in terminating parental rights. This concern is misplaced, since any person appointed to file a petition to terminate parental rights clearly has an interest in terminating those rights and would be adverse to and in conflict with the parents. In fact, there is statutory authority for custodial caretakers in some situations to institute a petition to terminate parental rights absent appointment by the juvenile court. La. Ch.C. art. 1004(G) specifically permits the appointment of foster parents who intend to adopt the child to petition for termination of parental rights. While those exact circumstances are not present here, these provisions indicate that the fact that the appellees desire termination of Lparental rights and subsequent adoption does not create an impermissible conflict.
I find the case cited by the majority to be distinguishable from the present case on its facts. That case involves one parent attempting to terminate the parental rights of another parent. The Second Circuit, in finding that the termination proceedings were not properly instituted, specifically considered that the interests over one parent against another parent might not be the best interests of the child, and that “there are no circumstances under which one parent may file a petition to terminate the parental rights of another parent.” [Emphasis added.] In re T.E.R., 43,145 (La.App. 2 Cir. 3/19/08), 979 So.2d 663, 664. The parents in T.E.R., as are most parents in contentious custody battles, were at such odds that they had lost the emotional ability to objectively assess the best interest of the child and separate it from their own. The question of an impermissible conflict, especially when the petition for termination does not involve one parent against the other, should be made on a case by case basis.
The trial court in this case carefully considered all the issues presented in this case, and in thorough and well-articulated “Reasons for Judgment,” supported her sound conclusions that the best interest of the child warranted termination of parental rights. Clearly the court felt that this was not a case where the appointed attorney was in conflict with the best interests of the child, as the majority contends.
Accordingly, I would find no merit to the biological mother’s second assignment of merit, and consider the remaining arguments raised in this appeal.